IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 19, 2001 Session

## STATE OF TENNESSEE v. DONALD J. MOORE

**Appeal from the Circuit Court for Coffee County**
**No. 29, 824F    John W. Rollins, Judge**

---

**No. M2000-02621-CCA-R3-CD - Filed August 7, 2001**

---

At the conclusion of a sentencing hearing, the trial court imposed a sentence of 11 months and 29 days in the Coffee County jail with Defendant to serve 90 days before being released to probation for the offense of simple possession of a controlled substance, to wit: methamphetamine, plus a fine of $1,000.  In this appeal as of right, Defendant asserts: (1) That the trial court abused its discretion in failing to sentence the Defendant to judicial diversion provided by Tenn. Code Ann. § 40-35-313; (2) Whether the trial court properly weighed the mitigating factors presented by Defendant in the sentencing hearing?; and (3) Whether the trial court imposed an excessive sentence?  After a review of the entire record, briefs of parties, oral arguments and applicable law, we find the trial court abused its discretion in denying judicial diversion and remand for a judgment of judicial diversion. Thus, the trial court's judgment is reversed and remanded.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed and Remanded.**

L. TERRY LAFFERTY, SR. J., delivered the opinion of the court, in which DAVID G. HAYES, J., joined. THOMAS T. WOODALL, J., filed a dissenting opinion.

Timothy S. Priest, Winchester, Tennessee, for the appellant, Donald J. Moore.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and Kenneth J. Shelton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In a two count indictment, the Coffee County grand jury accused Defendant of possessing a controlled substance, to wit: Methamphetamine, Schedule II, with the intent to sell or deliver and the possession of drug paraphernalia, to wit: a pipe and butane pencil torch.  Defendant agreed to plead guilty to the simple possession of methamphetamine and the offense of drug paraphernalia would be dismissed.  The record does not contain a transcript of the actual guilty plea proceedings, but a sentencing hearing was conducted by the trial court to determine a request for judicial diversion or in the alternative probation on June 1, 2000.  The pre-sentence report (Exhibit 1), reveals:

On March 16, 1999, the Defendant was stopped on Interstate 24 in Coffee County, Tennessee, for speeding by Manchester Police Officer Victor Jones. Officer Jones obtained permission to search the Defendant's vehicle and found a quantity of a substance later identified to be methamphetamine, a weapon, cash, a pipe and a butane torch.

At the sentencing hearing, Defendant, age 44, a resident of Edgewater, Florida, testified that on the date in question, he was driving to Indiana to see his newborn granddaughter. He was pulled over for speeding, given a warning ticket, and when the officer asked permission to search his car, Defendant gave permission. Defendant stated that he had purchased the methamphetamine at a truck stop in Georgia from a truck driver about three weeks prior to his arrest for his personal use. Defendant testified that he had a drug arrest while in Indiana 22 years ago, which was dismissed. Defendant denied any present use of drugs or using drugs in the past. When asked why he gave permission to search the car, Defendant responded, "He just asked me. I had no reason not to let him." Defendant stated that he had $1,200 on him at the time of his arrest, $600 for traveling expenses, and $600 for his daughter and granddaughter. Also, his car was seized, which was returned to him, but his $1,200 was forfeited. Defendant assured the trial court that he could abide by the conditions of judicial diversion as well as probation, in that he had a good job, and his boss had been nice to let him come to Tennessee and take care of his problem. The State declined to cross-examine Defendant.

In support of Defendant's request for judicial diversion, Defendant tendered to the trial court his application for pre-trial diversion. The application established that Defendant was 43 at the time of the offense and divorced with two grown children. He was a lifelong resident in Logansport, Indiana, until moving to Florida. He is a high school graduate, and his employment background is primarily in the automobile service industry. Defendant presently customizes Harley-Davidson motorcycles. Defendant has no mental or physical disabilities. At the time of his arrest, Defendant was not under the influence of any drugs or alcohol, and had bought the methamphetamine for $100 for his personal use, with no intention to sell or deliver the drug. Attached to the application were three letters of support for Defendant's request for relief. The Tennessee Bureau of Investigations issued a certification showing no problems in Defendant's past. Thus, he was qualified for consideration of judicial diversion. The proof established that Defendant is a productive citizen with a good employment record.

The State requested the trial court to impose a sentence of 11 months and 29 days, with the recommendation that Defendant serve 90 full days and the balance of the sentence to be served on probation with a $1,000 fine, and 200 hours of public service work. The reason was based on the fact that Defendant had received a substantial concession from the original charge. The amount of the substance which he possessed was significant (1.5 grams), which clearly could have fallen within the realm of a resale charge. Further, the State argued that the nature and circumstances of this offense and the need for deterrence of others in the county, this particular sentence is necessary to avoid depreciating the seriousness of this particular offense. Based upon the Court's docket, there

is a rampant nature of this type of violation in Coffee County. Defendant urged, based upon the evidence in the record, that the trial court grant a deferred judgment.

In its ruling, the trial court acknowledged its obligation to consider the principles of the Sentencing Act, specifically, Tennessee Code Annotated § 40-35-103. The trial court ruled:

> The thing that disturbs me the most about it is that this is a Schedule II drug, and that's pretty serious stuff. This man is 44 years old. I think that doesn't mitigate; I think it probably is more along the line that he ought to have known better. From all the proof I have heard, this Judge finds the confinement sentence is absolutely necessary to avoid depreciating the seriousness of the offense, and confinement is particularly suited to provide an effective deterrent to others prone to commit this type of offense.

> Therefore, gentlemen, based on this record, I'm in agreement with the Attorney General's recommendation. I am going to impose 11 months and 29 days to serve 90 days, $1,000 fine, 200 hours of public service work, which can be done in Florida. I just can't view -- I think he has been given a break. I think if this matter had gone to trial on the felony charge, considering the quantities involved, it would have been pretty serious.

## LEGAL ANALYSIS

Defendant asserts that the trial court abused its discretion in failing to sentence Defendant to judicial diversion. The State counters that Defendant glosses over or ignores the facts militating against diversion.

In addressing Defendant's challenge, we are mindful that our *de novo* review is conditioned with the presumption that the sentencing determination of the trial court is correct. *See* Tenn. Code Ann. § 40-35-401(d). Moreover, Defendant bears the burden of establishing that the sentence imposed by the trial court is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d). The sentencing considerations generally used in determining the manner of service for both misdemeanors and felony sentences are codified at Tenn. Code Ann. § 40-35-102,-103. In addition to the statutory considerations for issuing sentences of confinement, the misdemeanor sentencing statute, Tenn. Code Ann. § 40-35-302(d), merely requires a trial judge to consider enhancement and mitigating factors when calculating the percentage of a misdemeanor sentence to be served in confinement. *State v. Troutman,* 979 S.W.2d 271, 274 (Tenn. 1998). Misdemeanor offenses contain no sentencing range, and as opposed to felony sentencing, trial courts are not required to make specific findings on the record. *See State v. Troutman,* 979 S.W.2d at 274; *State v. Allen,* M1998-00213-CCA-R3-CD, 2000 WL 641150, at *2 (Tenn. Crim. App. 2000). However, a trial courts findings are of great benefit and the better practice is to do so. *See State v. Troutman,* 979 S.W.2d at 274. The offense in this case involves the misdemeanor offense of simple possession of a controlled substance. A misdemeanor is not entitled to the presumption of a minimum sentence.

*State v. Baker,* 966 S.W.2d 429, 434 (Tenn. Crim. App. 1997). Further misdemeanor sentences do not contain ranges of punishments, and a misdemeanor Defendant may be sentenced to the maximum term provided for the offense as long as the sentence imposed is consistent with the purposes of the sentencing act. *Id. See State v. Palmer,* 902 S.W.2d 391, 393 (Tenn. 1995).

When an accused has been convicted of a misdemeanor or certain designated felonies, the trial court may, in the exercise of its discretion, defer further proceedings and place the Defendant on probation without entering a judgment of guilty. Tenn. Code Ann. § 40-35-313(a)(1). If a Defendant successfully completes the probationary period, then the Defendant is entitled to a dismissal of the offense and the records expunged. Tenn. Code Ann. § 40-35-313(b). To be eligible for judicial diversion, the Defendant (a) was convicted of a misdemeanor, which is punishable by imprisonment, or a Class C, D, or E felony, (b) has never been convicted of a felony or a Class A misdemeanor, and (c) consents to deferment of the proceedings and the imposition of probation up to the maximum length of punishment for the offense in question. *State v. Bonestal,* 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993); Tenn. Code Ann. § 40-35-313(a)(1). A Defendant may meet these requirements, but that does not indicate one is entitled to judicial diversion as a matter of right. *Id.* Whether a Defendant should be granted judicial diversion is a question which addresses itself to the sound discretion of the trial court. *State v. Electroplating, Inc.,* 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998); *State v. Cutshaw,* 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997). Therefore, upon review, if "any substantial evidence to support the refusal" exists in the record, we will give the trial court the benefit of its discretion. Only an abuse of that discretion will allow us to overturn the trial court. *State v. Anderson,* 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

The criteria that the trial court must consider in determining whether a qualified Defendant should be granted judicial diversion include the following: (1) the Defendant's amenability to correction; (2) the circumstances of the offense; (3) the Defendant's criminal record; (4) the Defendant's social history; (5) the Defendant's physical and mental health; and (6) the deterrence value to the Defendant and others. *See Cutshaw,* 967 S.W.2d at 343-44. An additional consideration (7) is whether judicial diversion will serve the ends of justice, e.g., the interests of the public as well as the Defendant. *Cutshaw,* 967 S.W.2d at 344. Also, relevant to the consideration of judicial diversion a trial court must consider (8) the Defendant's attitude; (9) the Defendant's behavior since arrest; (10) a Defendant's home environment; (11) current drug usage; (12) emotional stability; (13) past employments; (14) general reputation; (15) family responsibilities; and (16) the attitude of law enforcement. *See State v. Lewis,* 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997).

In this case, the State requested the trial court to assess some period of confinement based upon the amount of methamphetamine, depreciating the offense and deterrence due to the rampant nature of this type of violation in this county. However, the trial court did not address Defendant's request for consideration of judicial diversion, but accepted the State's recommendation for the appropriate sentence. The trial court found that some confinement was necessary to depreciate the seriousness of the offense and a need for deterrence. Further, the trial court felt Defendant had been given a break due to the quantity of drugs involved, otherwise the offense would have been quite serious.

In *State v. Curry,* 988 S.W.2d 153, 158 (Tenn. 1999), our Supreme Court addressed the question of denial of pre-trial diversion based upon the seriousness of the offense. The Court stated:

> A review of the case law reveals, however, that the circumstances of the offense and the need for deterrence may alone justify a denial of diversion, but only if all of the relevant factors have been considered as well. E.g., *Washington,* 866 S.W.2d at 951 ("circumstances of the case and the need for deterrence may be considered as two of the many factors, [but] they cannot be given controlling weight unless they are of such overwhelming significance that they. . . outweigh all other factors"). The facts and circumstances of nearly all criminal offenses are by definition serious; only by analyzing all of the relevant factors, including those favorable to the Defendant, can appropriate candidates for this legislative largess be identified in a manner consistent with the purpose of the pre-trial diversion act.

In *State v. Hooper,* 29 S.W.3d 1, 13, (Tenn. 2000), the Supreme Court addressed deterrence as a sole reason to deny probation or an alternative sentence; "we hold that a trial judge may sentence a Defendant to a term of incarceration based solely on a need for deterrence when the record contains evidence which would enable a reasonable person to conclude that (1) deterrence is needed in the community, jurisdiction, or state; and (2) the Defendant's incarceration may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes." The criteria, for incarceration, favoring deterrence are: (1) whether other incidents of the charged offense are increasingly present in the community, jurisdiction, or in the state as a whole; (2) whether the Defendant's crime was the result of intentional, knowing, or reckless conduct or was otherwise motivated by a desire to profit or gain from the criminal behavior; (3) whether the Defendant's crime and conviction have received substantial publicity beyond that normally expected in the typical case; (4) whether the Defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving the criminal objective; and (5) whether the Defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions. *Hooper,* 29 S.W.3d at 10,-12.

Although the trial court stated it considered the principles of the sentencing act, the trial court did not state any reason as to why judicial diversion should be granted or denied in this case. Since the trial court did not grant judicial diversion, we must make a *de novo* determination if there is any substantial evidence to support this non-grant. The only substantial evidence in this record is the State's statement that Defendant was in the possession of 1.5 grams of methamphetamine, which raises the inference of an intent to sell or deliver. This statement, we find is insufficient in and of itself to overcome the overwhelming evidence presented by Defendant as to his suitability for judicial diversion. Thus, we find the trial court abused its discretion in not considering judicial diversion as an alternative sentence based upon the facts in this record.

Therefore, we reverse the trial court's judgment and remand for entry of an order of judgment placing the Defendant on judicial diversion for a period of 11 months and 29 days, payment of a fine of $1,000, with 200 hours of public work service. Furthermore, we recommend that the order of

judgment should comply with Rule 17, Rules of Supreme Court, as to the proper judgment order. This order provides for specific sentencing determination on misdemeanor offenses and the granting of diversion or a community based alternative sentence.

_____
L. TERRY LAFFERTY, SENIOR JUDGE