IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

(HEARD AT DYERSBURG)



FILED

**March 8, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

FOR PUBLICATION

Filed:  March 8, 1999

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | CARROLL CRIMINAL |
| Appellee, | ) | |
| | ) | |
| | ) | |
| Vs. | ) | HON. C. CREED MCGINLEY, |
| | ) | JUDGE |
| | ) | |
| CAROLYN L. CURRY | ) | |
| | ) | NO.  02-S-01-9709-CC-00079 |
| Appellant. | ) | |

**For Appellant:**
Donald E. Parish
IVEY, PARISH & JOHNS
Huntingdon, Tennessee

**For Appellee:**
John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Timothy F. Behan
Assistant Attorney General
Nashville, Tennessee

At Trial:
Robert Radford
District Attorney General

Eleanor Cahill
Assistant District Attorney General
Huntingdon, Tennessee

# O P I N I O N

COURT OF CRIMINAL APPEALS
REVERSED; JUDGMENT OF THE
TRIAL COURT REINSTATED.

ANDERSON, C.J

We granted this appeal to determine whether the trial court properly ruled that the prosecution abused its discretion by failing to consider all of the relevant factors in denying the defendant's application for pretrial diversion, and whether the Court of Criminal Appeals erred in remanding the case for an evidentiary hearing.[1] The Court of Criminal Appeals agreed that the prosecutor's written letter denying diversion did not discuss all of the relevant factors, but remanded for an evidentiary hearing to allow the prosecutor to testify as to the factors that were considered in denying pretrial diversion.

After reviewing the record and controlling authority, we conclude that the trial court properly determined that the prosecution abused its discretion by failing to consider all of the relevant factors before denying pretrial diversion. We also conclude that the Court of Criminal Appeals erred in remanding the case to allow the prosecutor an opportunity to correct these deficiencies during an evidentiary hearing. Accordingly, we reverse the Court of Criminal Appeals' judgment and reinstate the judgment of the trial court.

## BACKGROUND

The defendant, Carolyn C. Curry, worked as an assistant clerk for the City of McKenzie, Tennessee, from 1985 to 1995. Over a two-year period from July of 1993 to July of 1995, Curry embezzled over $27,000 from the City. She later was indicted for theft of property valued between $10,000 and $60,000.

Curry applied for pretrial diversion. According to her application, she was a divorced, 34-year-old mother of three children, ages 19, 13, and 8. Curry had graduated from college with honors in 1983, and she served in the Tennessee National Guard from 1983 to 1990, when she was honorably discharged. She was an active member of her church and numerous charitable and community

---

[1] Oral argument was heard in this case on March 4, 1998, in Dyersburg, Dyer County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

organizations including the United Way, United Neighbors, Concerned Citizens, and youth softball. Numerous letters included with her application attested to her charitable and community involvement.

Curry had no prior arrests or convictions. She cooperated with authorities in this case when her actions were discovered, admitting that she took money for family and living expenses and proposing a restitution program. She stated that: "I sincerely regret my actions and regret the shame that my actions have brought to bear on myself and my family."

In denying the application for pretrial diversion, the prosecutor, in a written response, gave the following reasons:

> We are in receipt of your application for pre-trial diversion . . . . We have carefully reviewed the application and the attached letters.
>
> . . .
>
> During a period of approximately two years, from July 1, 1993, through July 11, 1995, approximately $27,368.73 in city funds were embezzled by her. This was not a one time embezzlement or theft, but a complicated, well-thought out criminal scheme to take money from the City of McKenzie.
>
> . . .
>
> We have considered the defendant's past history and her conduct for two years in defrauding the City of McKenzie. This was a calculated criminal scheme that took planning and thought. It manifests a criminal intent for a long period of time and not something that happened at once.
>
> We cannot believe that it would be in the best interests of the public, the defendant, and justice to overlook a criminal scheme of this proportion and grant pre-trial diversion . . . .

Curry sought review of the prosecutor's decision by filing a petition for writ of certiorari in the trial court. After hearing argument of counsel, the trial court found

that diversion had been denied solely based upon the circumstances of the offense, specifically, the two-year duration, and ruled:

> After considering the Application for Pre-Trial Diversion of the Defendant, the letter response from the office of the District Attorney General . . ., and arguments of counsel, the Court found that the Office of the District Attorney General had abused its discretion in denying pre-trial diversion and that the Defendant should be placed on pre-trial diversion. . . .

The trial court denied the State's motion to reconsider but granted a motion for interlocutory appeal.[2] The Court of Criminal Appeals agreed that the response denying pretrial diversion did not sufficiently state the relevant factors which had been considered by the prosecutor, yet further held:

> [T]he trial court should schedule an evidentiary hearing and allow the district attorney general to testify in order to fill in the gaps left by the letter. Only in this way can the trial court have assurances that it is considering the same evidence considered by the prosecutor in his or her decision to deny pretrial diversion. Only in this way can it determine whether the prosecutor abused his or her discretion in denying diversion.

We granted the defendant's application for permission to appeal to review the sufficiency of the prosecutor's written denial of diversion and the question of permitting the prosecutor to correct its deficiencies by testifying in an evidentiary hearing.

## ANALYSIS

The pretrial diversion program, drafted and enacted by the Legislature, allows the District Attorney General to suspend a prosecution against a qualified defendant for a period of up to two years. Tenn. Code Ann. § 40-15-105(a)(1)(A)(1997 & Supp. 1998). A qualified defendant pursuant to the statute is one who has not

---

[2] The transcripts indicate that the trial court initially voiced its concern that the outcome be consistent with an unrelated embezzlement case in which diversion had been granted. The court later clarified, however, that it was applying the controlling standards to the facts in this case.

previously been granted diversion and does not have a prior misdemeanor conviction for which confinement was served or a prior felony conviction within a five year period after completing the sentence or probationary period for the conviction. Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(b) (Supp. 1998). The offense for which diversion is sought may <u>not</u> be a class A felony, a class B felony, a sexual offense, driving under the influence, or vehicular assault. Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(c) (Supp. 1998).

Any grant of diversion must be conditioned on one or more of the following conditions: that the defendant not commit any criminal offense; that the defendant refrain from activities, conduct, or associations related to the charge; that the defendant receive rehabilitative treatment, counseling and education; that the defendant make restitution to the victim; that the defendant pay court costs and the costs of the diversion; and that the defendant abide by any other terms or conditions as may be agreed upon. Tenn. Code Ann. § 40-15-105(a)(2)(A)-(H) (1997 & Supp. 1998). If the defendant violates a term or condition, the prosecution may terminate diversion and resume the criminal prosecution. Tenn. Code Ann. § 40-15-105(d) (1997 & Supp. 1998).

One who is statutorily eligible is not presumptively entitled to diversion. Instead, whether to grant pretrial diversion to a qualified defendant who is statutorily eligible is a determination that lies in the discretion of the district attorney general. State v. Pinkham, 955 S.W.2d 956 (Tenn. 1997). The relevant considerations for the prosecutor are as follows:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion

-5-

will serve the ends of justice and the best interest of both the public and the defendant.

Id. at 959-60 (quoting State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)).[3]

If the district attorney general denies pretrial diversion, the denial must be in writing and must include "an enumeration of the evidence that was considered and a discussion of the factors considered and weight accorded each." Pinkham, 955 S.W.2d at 960. This "requirement entails more than an abstract statement in the record that the district attorney general has considered these factors." State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). Instead, the factors considered "must be clearly articulable and stated in the record. . . ." Id.; see also State v. Washington, 866 S.W.2d 950 (Tenn. 1993). That a defendant, obviously, bears the burden of demonstrating suitability for diversion does not relieve the prosecutor's obligation to examine all of the relevant factors and to set forth the required findings. E.g., Pinkham, 955 S.W.2d at 960.

The prosecutor's response must be in writing. As the Court of Criminal Appeals has observed, there are at least three reasons for requiring a written response:

> First, the statement would compel the prosecutor to think about and justify his denial in terms of the applicable standards. Second, the statement of reasons would define the area of controversy at the evidentiary hearing. Finally, the statement of reasons would restrict the prosecutor to a particular rationale and insure that the prosecutor would offer no new reasons at the evidentiary hearing.

State v. Brown, 700 S.W.2d 568, 570 (Tenn. Crim. App. 1985) (quoting Steven W. Feldman, The Tennessee Pretrial Diversion Act: A Practitioner's Guide, 13 Mem. St. U. L. Rev. 285, 302 n.106 (1983)). The prosecutor's written response must also

---

[3] The dissent, quoting only the last sentence of this passage from Pinkham, concludes that "potential for rehabilitation" is not a "factor" that must be clearly articulated and stated in the record by the prosecutor. This conclusion is simply at odds with the language in Pinkham when read in its entirety.

identify any factual disputes between the evidence relied upon and the application filed by the defendant. Id.

If the application for pretrial diversion is denied, the defendant may appeal by petitioning the trial court for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3) (1997 & Supp. 1998). The only evidence that may be considered by the trial court is the evidence that was considered by the district attorney general. State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993). The trial court may conduct a hearing only to resolve any factual disputes raised by the prosecutor or the defendant concerning the application, but not to hear additional evidence that was not considered by the prosecutor. See Pinkham, 955 S.W.2d at 960.

The action of the prosecutor is presumptively correct, and it is subject to review by the trial court only for an abuse of discretion. The record in this regard must show an absence of any substantial evidence to support the refusal of the district attorney general to enter into a memorandum of understanding before a reviewing court can find an abuse of discretion. The appellate court must determine whether the trial court's decision is supported by a preponderance of the evidence. Id.

The State contends that the trial court improperly substituted its decision for that of the prosecutor who, after considering all of the relevant factors, denied diversion because of the seriousness of the offense and the need for deterrence. The defendant maintains the trial court properly found an abuse of discretion in that the prosecutor failed to consider her favorable social history and amenability to correction. She also argues that the prosecutor is not entitled to testify at an evidentiary hearing to correct the deficiencies.

Our review, like that of the lower courts, indicates that the prosecutor's primary consideration in the written denial of diversion was the circumstances of the

offense, specifically, the amount of money taken and the duration of the criminal activity. The denial letter stated that diversion was not "in the best interest of the public," which, although imprecise, arguably includes deterrence. Although the prosecutor asserts that he had "carefully reviewed the application and the attached letters," the denial does not discuss the defendant's favorable social history, lack of a criminal record, and potential for rehabilitation. Moreover, assuming these essential factors were, in fact, considered, there is no explanation as to how much weight they were afforded and no rationale as to why they were outweighed by the other factors in denying diversion. E.g., Herron, 767 S.W.2d at 156.

The State argues, and the dissent writes, that the seriousness of the offense itself may justify a denial of diversion. A review of the case law reveals, however, that the circumstances of the offense and the need for deterrence may alone justify a denial of diversion, but only if all of the relevant factors have been considered as well. E.g., Washington, 866 S.W.2d at 951 ("circumstances of the case and the need for deterrence may be considered as two of the many factors, [but] they cannot be given controlling weight unless they are of such overwhelming significance that they . . . outweigh all other factors"). The facts and circumstances of nearly all criminal offenses are by definition serious; only by analyzing all of the relevant factors, including those favorable to the defendant, can appropriate candidates for this legislative largess be identified in a manner consistent with the purpose of the pretrial diversion act. Herron, 767 S.W.2d at 156.[4]

In Pinkham, for instance, the defendant was charged with falsely representing himself as a lawyer, impersonating a licensed professional, and aggravated perjury. The denial of diversion emphasized the circumstances of the offense, the losses

---

[4] The dissent cites several Court of Criminal Appeals' opinions, some unpublished, for the proposition that the circumstances of the offense may alone justify the denial of diversion. Although these cases necessarily involve case-by-case determinations, they do not negate the prosecution's obligation to consider all relevant factors, including those factors that pertain to a defendant's potential for rehabilitation. E.g., Pinkham, 955 S.W.2d at 959; Washington, 866 S.W.2d at 951; Herron, 767 S.W.2d at 156; State v. Lutry, 938 S.W.2d 431, 433 (Tenn. Crim. App. 1996); State v. Carr, 861 S.W.2d 850, 858 (Tenn. Crim. App. 1993).

sustained by the victim, and the "systematic and continuing criminal activity," but also gave extensive consideration to the other relevant factors:

> In making this decision to reject the defendant's diversion application, I have considered that [the defendant] is a 50 year old man with no criminal record. I have considered his exemplary social history. I have considered that [the defendant] appears to be a leader in his community, as evidenced by the character and reference letters from lawyers, teachers, professors, ministers, doctors, et al. I have considered all of the parameters of [the defendant's] social, family, personal, educational and professional background.
>
> I have weighed all those factors in deciding whether the interests of justice would be served best by placing [the defendant] on diversion. I have concluded that the interests of the public substantially outweigh the interests of the defendant. Since [the defendant] is a highly educated person who holds a law degree, [the defendant] knew that his conduct was unlawful and unethical. Unquestionably, [the defendant] made a deliberate choice to violate the law. Having violated the criminal laws . . ., [the defendant] made an unconscionable decision to engage in a continual pattern of deception and dishonesty.

Id. at 959. In affirming the denial of diversion, this Court observed that the district attorney general extensively discussed the relevant factors, identified the evidence considered, and set forth the weight afforded to each factor as well as the rationale for his conclusion. Id. at 961.

In contrast, the defendant in Herron, a 24-year-old woman with no prior criminal record, was charged with two counts of larceny by trick, one offense involving $5000 and the other involving $6000. The prosecutor's denial of pretrial diversion was based primarily on the circumstances of the "contrived, deliberate" offenses and the need to deter such offenses. Although the trial court denied the defendant's petition for certiorari, the Court of Criminal Appeals concluded that the district attorney general failed to consider other relevant factors that were favorable to the defendant.

This Court agreed with the intermediate court's determination that both the prosecutor and the trial court failed to consider "that defendant did not have any criminal record, her social history, her physical and mental condition, including her educational background, her employment history as well as the stability and continued support of her family." Id. at 155. Moreover, the Court once again stressed that "if the district attorney general bases his decision on less than the full complement of factors . . . he must, for the record, state why he considers that those he relies on outweigh the others submitted for his consideration." Id. at 156.

In this case, the prosecutor's denial letter concentrated solely upon the circumstances of the offense and, arguably, a veiled consideration of deterrence. There was no apparent consideration given to the defendant's lack of a criminal record, favorable social history, and obvious amenability to correction. Moreover, the prosecutor did not articulate or state why those factors that were considered, i.e., seriousness of the offense and deterrence, necessarily outweighed the other relevant factors. The evidence presented a close case on the diversion question; however, the failure by the prosecutor to consider and articulate all of the relevant factors constitutes an abuse of discretion. We therefore agree with the conclusion of the lower courts.

We agree with the dissent's observations that the offenses committed by the defendant were serious and aggravated in nature, and further, that the prosecutor's findings in this regard were supported by the record. Where we differ, however, is in our conclusion that the prosecutor's denial did not show that all relevant factors were considered in denying diversion, in particular, those factors relevant to the amenability for rehabilitation. The dissent finds that there were no favorable factors on the defendant's behalf, a conclusion with which we disagree based on this 34-year-old divorced mother of three's history of church, community, and charitable activity and otherwise squeaky clean record until this offense, as shown by the evidence in the record.

Moreover, the dissent strains to conclude that the evidence regarding the defendant's background was unfavorable and that her potential for rehabilitation was minimal simply by looking only to the circumstances and time span of the offense. Under such an analysis, in which the facts and circumstances are given conclusive weight against a defendant's potential for correction, rare is the defendant who would qualify for pretrial diversion.

Finally, we also conclude that the Court of Criminal Appeals erred in remanding the case for an evidentiary hearing in order for the prosecutor to "fill in the gaps" and correct any deficiencies in the record. First, the procedure adopted by the Court of Criminal Appeals decreases the importance of the written response and increases the risk that new reasons or considerations will be introduced during the hearing without notice to the defendant. Second, the standards of review governing certiorari proceedings require the trial court to consider only that which has already been considered by the prosecutor. See Winsett, 882 S.W.2d at 809 (evidence considered at hearing exceeded certiorari review). Accordingly, as discussed above, an evidentiary hearing may be held only to clarify factual disputes in the record, and may not be held to allow the prosecutor to discuss new or additional considerations regarding the denial of diversion.

## CONCLUSION

We agree with the trial court that the prosecutor failed to consider all of the relevant factors and, therefore, abused his discretion in denying the defendant's application for pretrial diversion. We further conclude that the Court of Criminal Appeals erred in remanding the case for a hearing. Accordingly, the judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is reinstated. Costs of appeal are taxed to the State of Tennessee.

_____
RILEY ANDERSON, CHIEF JUSTICE

**CONCUR:**
Drowota and Birch, JJ.


**DISSENT:**
Holder, J. - see separate Dissenting Opinion