# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### MARCH 2000 SESSION

## STATE OF TENNESSEE v. CAROLYN L. CURRY

**Extraordinary Appeal from the Circuit Court for Carroll County**
**No. 95CR-782 C. Creed McGinley, Judge**

---

### No. W1999-00688-CCA-R10-CD - Decided August 16, 2000

---

The defendant, who was indicted for theft of property between $10,000 and $60,000, filed an application for pretrial diversion which was denied by the district attorney. Pursuant to a petition for writ of certiorari, the trial court ordered pretrial diversion. The state filed an interlocutory appeal, and the supreme court ultimately affirmed the judgment of the trial court. On remand, the trial court declined to conduct an evidentiary hearing as to the amount of restitution to be paid by the defendant, finding that the defendant had waived the right to object to the amount of restitution by not contesting it earlier. In this extraordinary appeal, we hold that restitution had not been previously determined, and that the defendant preserved the right to contest the amount. Accordingly, we reverse and remand to the trial court for a restitution hearing pursuant to Tenn. Code Ann. § 40-35-304.

**Tenn. R. App. P. 10; Judgment of the Trial Court Reversed**.

GARY R. WADE, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined. THOMAS T. WOODALL, J., filed a concurring opinion.

Donald E. Parish, Huntingdon, Tennessee, for the appellant, Carolyn L. Curry.

Paul G. Summers, Attorney General & Reporter, Mark E. Davidson, Assistant Attorney General, and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Carolyn L. Curry, was indicted in September of 1995 for theft of property over $10,000 and less than $60,000. She applied for pretrial diversion, but the district attorney general denied her application. Upon petition for certiorari, the trial court determined that the office of the district attorney had abused its discretion and granted the application. The state appealed and a panel of this court reversed the decision of the trial court. State v. Carolyn L. Curry, No. 02C01-9601-CC-00005 (Tenn. Crim. App. at Jackson, Jan. 2, 1997). Application for permission to appeal to the supreme court was granted and, later, our supreme court ruled in favor of the defendant and

reinstated the judgment of the trial court.  State v. Curry, 988 S.W.2d 153 (Tenn. 1999).

At a remand hearing on May 10, 1999, the trial court ruled that "this matter has already been through the appellate court with all contested issues resolved. . . ."  The state made reference to the sum of $27,000 as restitution, an amount apparently taken from the opinion of the supreme court:

> The defendant . . . worked as an assistant clerk for the City of McKenzie, Tennessee, from 1985 to 1995.  Over a two-year period from July of 1993 to July 1995, Curry embezzled over $27,000.00 from the City. . . .

Id. at 155.  Defense counsel took exception, contending that, "The amount has always been contested.  We've always said we [only] want to repay what she took . . . ."

The trial court then summarily ruled that the defendant had objected to the restitution amount too late and that any contest should have been made at the hearing on the petition for writ of certiorari.  Observing that our supreme court had ruled that the district attorney general was not entitled to an evidentiary hearing to "fill in the gaps" as to the consideration of all relevant factors for pretrial diversion, the trial court concluded that the defendant "does not get more than one bite at the apple."  The trial judge made specific reference to a portion of the supreme court decision which quoted the district attorney's response to the application for diversion:

> During a period of approximately two years, from July 1, 1993, through July 11, 1995, approximately $27,368.73 in city funds were embezzled by her.

Id. at 156.  The trial court then directed the defendant to sign the memorandum of understanding by June 1, 1999, else enter a guilty plea or be prepared for trial.

Generally, a defendant should identify any contested issues in a petition for writ of certiorari from an adverse pretrial diversion decision by a district attorney.  State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997).  When there is a factual dispute, the trial court should conduct an evidentiary hearing and resolve the dispute before determining whether there has been an abuse of discretion in denying the application.  State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993).

Here, the defendant made reference to restitution in her petition for certiorari:

> I am agreeable to make restitution in full to the City of McKenzie. However, I am unable to pay in a lump sum the full amount of restitution owing.  I propose that those sums held by the City of McKenzie in my pension and Christmas Club accounts be retained by the City as an initial payment toward restitution.  I will then make monthly payments of restitution to the City of McKenzie beginning as soon as an amount can be agreed upon.  I acknowledge that this is

a primary obligation. Through my lawyer <u>I have requested of the City of McKenzie information concerning restitution</u>.

(emphasis added). Other references in the record establish that the amount of restitution had not been determined. For example, in the hearing on the defendant's petition for writ of certiorari, defense counsel made reference to "whatever the amount is that may be shown that she eventually took." Likewise, on the first appeal of this case, defense counsel made repeated references to a disagreement over the appropriate amount of restitution.

In our view, both the state and the defense should have addressed the issue of restitution at the hearing on the petition for writ of certiorari. The issue was unresolved at that time. Nothing in the record establishes the amount due. A remand is in order for an appropriate determination.

Moreover, the state concedes that the trial court, when determining the amount of restitution, must not only consider the pecuniary loss but also the defendant's financial resources and future ability to pay. <u>See</u> Tenn. Code Ann. § 40-35-304(d); <u>see also</u> <u>State v. Smith</u>, 898 S.W.2d 742 (Tenn. Crim. App. 1994). The trial court may permit installment payments. <u>See</u> Tenn. Code Ann. § 40-35-304(c). This procedure must be followed whether restitution is being ordered as a condition of probation, alternative sentencing, or otherwise. <u>See</u> Tenn. Code Ann. § 40-35-304(g).

Accordingly, the judgment is reversed. The cause is remanded to the trial court for a determination of the amount of restitution and the method payable, taking into account the defendant's financial resources and future ability to pay.

_____
GARY R. WADE, PRESIDING JUDGE