IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
December 4, 2001 Session

## STATE OF TENNESSEE v. EDWARD ARNOLD RIVERA

**Appeal from the Circuit Court for Hardin County**
**No. 7998    C. Creed McGinley, Judge**

---

**No. W2001-00857-CCA-R9-CD  - Filed February 4, 2002**

---

The Defendant, Edward Arnold Rivera, was indicted by a Hardin County grand jury on two counts of official misconduct, each a felony, and one count of misdemeanor theft. The Defendant submitted an application for pre-trial diversion which was denied by the District Attorney General. The Defendant filed a petition for a writ of certiorari in the Hardin County Circuit Court pursuant to Tennessee Rule of Criminal Procedure 38 for review of the denial of pre-trial diversion. The Circuit Court found no abuse of discretion, denied the petition, and granted the Defendant leave to seek an interlocutory appeal to this Court pursuant to Tennessee Rule of Appellate Procedure 9(a). The Defendant contends on appeal that (1) the District Attorney General abused his discretion in denying pre-trial diversion and (2) the record does not support the denial. This Court granted the Defendant's application, and we now affirm the Circuit Court's denial of the petition.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Curtis F. Hopper, Savannah, Tennessee, for the appellant, Edward Arnold Rivera.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The charges against the Defendant arise out of his conduct as a Hardin County Sheriff's Deputy. The Defendant confiscated a gun from a vehicle and informed the owner of the gun that he would not be charged with any wrongdoing if he relinquished the gun. The Defendant subsequently sold the gun to a pawn shop. After the owner of the gun complained to the Defendant's superiors, the Defendant attempted to obtain the gun from the pawn shop, but the gun had already been sold. Eventually, the Defendant was able to return the gun to the owner.

The Defendant submitted an application for pre-trial diversion to the District Attorney General. The Assistant District Attorney responded with a three page letter setting forth the reasons for denying the application for diversion.

The Defendant argues that the Assistant District Attorney did not give proper consideration to the Defendant's positive qualities and based the denial on a perceived lack of remorse and the circumstances of the offense. The Defendant also contends that the trial court erred in finding sufficient evidence to support the Assistant District Attorney's assertion that denying pre-trial diversion would likely deter similar crimes.

The decision to grant or deny an application for pre-trial diversion falls within the discretion of the prosecuting attorney. See Tenn. Code Ann. § 40-15-105; State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). In making that determination, the State's attorney must

> focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable[sic] and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

Curry, 988 S.W.2d at 157 (quoting State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)). The denial of pre-trial diversion by the State's attorney must be in writing, must list the evidence considered, and must identify any factual disputes between the evidence relied upon and the application filed by the defendant. Curry, 988 S.W.2d at 157. The State's attorney's denial must discuss the factors considered by the prosecutor and the weight given to each factor. Id.

A District Attorney General's decision to deny pre-trial diversion is presumptively correct and will not be set aside absent an abuse of discretion. Id. at 158; Hammersley, 650 S.W.2d at 356. The reviewing trial court may consider only the evidence considered by the prosecutor and must find that the record lacks substantial evidence to support the denial of pre-trial diversion in order to find an abuse of discretion. Curry, 988 S.W.2d at 158. On appeal to this Court, a trial court's decision will be overturned only if the evidence preponderates against it. See id.

In the present case, the Assistant District Attorney considered and weighed several of the factors set forth in Hammersley and Curry in favor of granting the Defendant pre-trial diversion. The fact that the Defendant did not have a criminal record, the Defendant's social history, mental condition, physical condition, and the Defendant's behavior since the arrest were all weighed in favor of the Defendant. Specifically, the Assistant District Attorney found that the Defendant has three minor children, a steady employment history, and no physical, mental, or drug related

problems. The Assistant District Attorney found the general reputation of the Defendant to be a neutral factor due to the lack of evidence of reputation provided by the Defendant.

However, the Assistant District Attorney found other factors set out in Hammersley and Curry to weigh heavily against granting the Defendant's application for pre-trial diversion. In considering the circumstances of the offense, the State's attorney characterized the Defendant's behavior as "extortion" and a "betrayal of the public's trust." No legal basis was found for the Defendant's actions in seizing the gun; indeed, the Assistant District Attorney pointed out that the owner had a permit for the weapon. The Assistant District Attorney found the circumstances of the offense to be "reprehensible" and weighed this factor heavily against the Defendant.

While it is true that the circumstances of a case can alone justify a denial of pre-trial diversion when all other factor have been considered, the Assistant District Attorney did not base the denial on that factor alone. See Curry, 988 S.W.2d at 158. The State's attorney also stated that pre-trial diversion was inappropriate in this case in order to deter similar activity by other law enforcement officers and to maintain public trust and respect for law enforcement. The Defendant contends that the record is devoid of evidence suggesting a need for deterrence. However, this Court has noted that offenses like the one committed by the Defendant, that threaten or undermine "the vitality of our judicial system should neither be countenanced nor rewarded with remedial measures such as pre-trial diversion." State v. Barry Hughes, No. 03C01-9401-CR-00450, 1996 WL 223579, at *1 (Tenn. Crim. App., Knoxville, May 3, 1996). The State of Tennessee and Hardin County have a significant interest in deterring similar actions. See id.

Finally, the Assistant District Attorney found no evidence of remorse, thereby concluding that the Defendant was not amendable to rehabilitation, and that pre-trial diversion would not "serve the ends of justice." The State's Attorney stated that he saw "no benefit to the system of justice [in] granting extraordinary relief to one who has violated the public trust in the way the Defendant has."

> In summarizing his findings, the Assistant District Attorney wrote:
> we have tried to consider all factors which we are required to consider in applications for pre-trial diversion. Although the Defendant has some factors in his favor . . ., other factors greatly outweigh those. The circumstances of this offense, the deterrent effect of a conviction and punishment upon other criminal activity, the lack of expressed remorse which indicates lack of amenability to correction, and that it is unlikely that diversion would serve the best interests of the public or the Defendant all far outweigh the factors in the Defendant's favor. In our judgment, to grant pre-trial diversion in this matter would further weaken any confidence the public might have in the governmental process.

The thoughtful and well-drafted letter denying pre-trial diversion demonstrates that the appropriate factors were considered and weighed by the District Attorney General. The trial court found that the District Attorney acted within his discretionary authority when he denied pre-trial diversion. The evidence does not preponderate against the trial court's decision.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is AFFIRMED.

_____
DAVID H. WELLES, JUDGE