IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2006

## STATE OF TENNESSEE v. LOUIS LESLIE MYLES

**Appeal from the Criminal Court for Davidson County**
**No. 2005-A-129      Cheryl Blackburn, Judge**

---

**No. M2005-01671-CCA-R3-CD - Filed May 25, 2006**

---

The Appellant, Louis Leslie Myles, appeals the denial of judicial diversion following his guilty pleas to two counts of theft of property over $1,000. After review of the record, we reverse the sentencing decision of the Davidson County Criminal Court and remand for deferment of the proceedings as provided by Tennessee Code Annotated section 40-35-313 (2003).

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Adrian Chick, Nashville, Tennessee, for the Appellant, Louis Leslie Myles.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On October 6, 2001, the Appellant, while serving in a managerial capacity at Wendy's Restaurant in Nashville, appropriated for his personal use $3,585 that he was entrusted to deposit in the bank. He did the same with $2,055 while working at Shoney's Restaurant in Nashville on October 5, 2002. In January of 2005, a Davidson County grand jury returned an indictment against the Appellant charging him with two counts of theft of property over $1,000.

Under the terms of a plea agreement, the Appellant pled guilty to both counts of theft of property over $1,000, Class D felonies. The terms of the agreement provided: (1) the Appellant would receive concurrent two year sentences for the two convictions, which would be suspended, with three years probation on each of the two suspended sentences; (2) the Appellant would be permitted to request judicial diversion, his suitability for which the trial court would determine at

a sentencing hearing; and (3) he would pay restitution to each of the victims.  After a sentencing hearing, the trial court denied the Appellant's request for judicial diversion.  The Appellant now appeals this sentencing decision.

## Analysis

On appeal, the Appellant asserts that the trial court erred in its denial of his application for judicial diversion.  He argues that the record does not reflect consideration of all the relevant factors required for a determination and contends that proper consideration of the factors would have resulted in a grant of diversion.

"Judicial diversion is legislative largess whereby a defendant adjudicated guilty may, upon successful completion of a diversion program, receive an expungement from all 'official records' any recordation relating to 'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999).  The effect of discharge and dismissal under the diversion statute "is to restore the person . . . to the status the person occupied before such arrest or indictment or information."  *Id*. (citing T.C.A. § 40-35-313(b)).

A defendant is eligible for judicial diversion when he or she is found guilty or pleads guilty to a Class C, D, or E felony and has not previously been convicted of a felony or a Class A misdemeanor. T.C.A. § 40-35-313(a)(1)(B)(i). However, eligibility under the diversion statute does not ensure the grant of diversion.  Indeed, the decision of whether to place a defendant on judicial diversion is within the sound discretion of the trial court.  *State v. Harris*, 953 S.W.2d 701, 705 (Tenn. Crim. App. 1996).

In determining whether to grant judicial diversion, the trial court must consider: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; (6) the deterrence value to the defendant and others; and (7) whether judicial diversion will serve the ends of justice. *State v. Electroplating, Inc.*, 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998).  The trial court should also consider whether judicial diversion will serve the ends of justice - - the interests of the public as well as the accused.  *State v. Lewis*, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997).  Additional factors which may be considered include the Appellant's attitude, his behavior since arrest, his home environment, current drug usage, emotional stability, past employment, general reputation, family responsibilities, and the attitude of law enforcement.  *Id*. In addition, "the record must reflect that the court has weighed all of the factors in reaching its determination." *Electroplating, Inc.*, 990 S.W.2d at 229.  If the trial court refuses to grant judicial diversion, it should state in the record "the specific reasons for its determination." *State v. Parker*, 932 S.W.2d 945, 958-59 (Tenn. Crim. App. 1996).  If the trial court "based its determinations on only some of the factors, it must explain why these factors outweigh the others." *Electroplating, Inc.,* 990 S.W.2d at 229.

The Appellant contends that the trial court failed to consider all relevant factors in determining whether to grant judicial diversion and that it gave undue importance to the circumstances of the offenses. Specifically, he asserts that the trial court "failed to give any consideration to [his] amenability to correction" and failed to give proper weight to his "lack of criminal record and lack of drug usage."

In denying judicial diversion, the trial court stated:

Looking at all these factors, we have some good and bad factors in all of this. Obviously, he has a work history. However, there are lots of different places, but, this particular crime involves two of those and about a year apart. . . . [D]rug usage is not a problem, criminal record is not a problem, . . . his marital stability . . . his child support. But, basically, it sort of comes down to a judgment in this case about whether or not given these two separate instances that are like a year apart, . . . and exactly the same, whether the deterrent effect of punishment on criminal activity and the ends of justice for this would serve that.

. . . [Q]uite honestly, this is a large amount from two separate businesses. . . . The things that bother me the most about this, is the fact that it's two separate fast food places where it's the bank deposit that he doesn't deposit. . . . [T]he warrants were taken out a year apart from each other. So, it wasn't a single isolated event that occurred in its history. . . . [I]t might not have occurred since, but, still we've got two separate ones.

The trial court undoubtably was troubled most by the Appellant's pattern of criminal behavior, *i.e.,* the fact that while working as a manager at two separate Nashville restaurants on occasions separated by one year, the Appellant committed identical offenses of appropriating for his personal use money that he was entrusted to deposit in the bank. From the record, it is clear that the trial court based its denial solely upon the circumstances of the offense.

We find it difficult to distinguish this case from our supreme court's holdings in *State v. Herron*, 767 S.W.2d 151 (Tenn. 1989) and *State v. Curry*, 988 S.W.2d 153 (Tenn. 1999). In *Herron*, our supreme court reversed a denial of diversion which was denied solely based upon the circumstances of the offense. In that case, the facts established that the two offenses for which the defendant was indicted "were committed by means of a carefully contrived, deliberate scheme. [The defendant] obviously devoted quite a bit of planning toward formulating the scheme." *Herron*, 767 S.W.2d at 152. Additionally, the "criminal venture was not one of impulse" as it was committed on separate dates, resulting in a loss of $11,000. *Id.* Our supreme court reversed the denial of diversion, holding that review of diversion requires "more than an abstract statement" in the record that the positive factors for diversion have been considered. *Id.* at 156.

Again, in *Curry*, our supreme court upheld the grant of diversion to a defendant who "worked as an assistant clerk for the City of McKenzie, Tennessee. Over a two-year period from July of 1993

to July of 1995, [the defendant] embezzled over $27,000 from the City. She was later indicted for theft of property valued between $10,000 and $60,000." *Curry,* 988 S.W.2d at 155. Diversion was denied by the district attorney general based upon "the circumstances of the offense and, arguably, a veiled consideration of deterrence.[1] There was no apparent consideration given to the defendant's lack of a criminal record, favorable social history, and obvious amenability to correction." *Id.* at 159. Our supreme court held that:

> the circumstances of the offense and the need for deterrence may alone justify a denial of diversion, *but only if all of the relevant factors have been considered as well. E.g., State v. Washington*, 866 S.W.2d 950, 951 (Tenn. 1993) ("circumstances of the case and the need for deterrence may be considered as two of the many factors, [but] they cannot be given controlling weight unless they are of such overwhelming significance that they . . . outweigh all other factors").

*Id*. at 158. The supreme court explained that more than a simple acknowledgment that positive factors exist must be noted upon the record. *Id.* at 159. The trial court must articulate how these positive factors are outweighed by other relevant factors, including the circumstances of the offense and the need for deterrence. *Id.*

In the case *sub judice*, many of the elements weigh in favor of the Appellant being granted judicial diversion. The thirty-seven year old Appellant has been on his own and in the work force since he was fifteen years old. With regard to his full-time employment, he began working immediately after completing high school and has worked full-time up to the present date. The Appellant testified that he has never had less than two jobs at a time and on some occasions has "worked three jobs." He is divorced and the father of three children. He is currently enrolled in community college, and it is his intent to complete an associate's degree in business. The Appellant does not drink or smoke and has no history of drug usage. He acknowledges remorse for his actions and current criminal convictions, and he offers no excuse for his conduct. The record reflects that the Appellant has no prior criminal history and has committed no additional offenses. He presents a positive social history, employment history, and acknowledges his familial responsibilities.[2]

Based upon the proof before us, we conclude that the Appellant's positive factors for diversion, as articulated above, outweigh any negative factors and that granting judicial diversion would promote the ends of justice. Accordingly, the sentencing decision of the trial court is reversed and entry of the judgments of conviction is vacated.

---

[1]In both *Herron* and *Curry*, the diversion program sought was that of pretrial diversion, which was denied by the district attorney general. "Judicial diversion is similar to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under Tennessee Code Annotated section 40-14-105." *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992).

[2]The Appellant states that he is currently in arrears in his child support payments but acknowledges his responsibility to his children who he asserts are straight "A" students.

**CONCLUSION**

Based upon the record and the trial court's failure to weigh and consider all relevant factors, we conclude that the trial court abused its discretion by denying judicial diversion. For this reason, the judgment is reversed, and the case is remanded for deferment of further proceedings as provided by Tennessee Code Annotated section 40-35-313 and for imposition of such other reasonable conditions as may be deemed appropriate by the trial court.

_____
DAVID G. HAYES, JUDGE