# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Brief September 19, 2012

## STATE OF TENNESSEE v. RICHELLE DAWN GANN

**Appeal from the Criminal Court for Knox County**
**Nos. 94507, 97824      Bob R. McGee, Judge**

---

### No.  E2012-00599-CCA-R3-CD - Filed January 16, 2013

---

The Defendant, Richelle Dawn Gann, challenges the trial court's denial of judicial diversion for her convictions for theft of $500 or less and possession of both Oxycodone, a Schedule II controlled substance, and Diazepam, a Schedule IV controlled substance, with intent to sell.  She contends that the trial court erred by failing to consider all of the required factors in deciding her suitability for judicial diversion and by finding that the circumstances of the offense outweighed all the factors that favored a grant of judicial diversion.  Following our review, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Mark E. Stephens, District Public Defender; and Jessica A. Greene, Assistant Public Defender, for the appellant, Richelle Dawn Gann.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Debbie Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

The instant case involves offenses arising out of two indictments and a misdemeanor citation.  The record reflects that on January 14, 2009, an eight-count indictment was issued against the Defendant for possession with intent to sell and deliver four controlled

substances: Oxycodone; Methadone; Diazepam; and Alprazolam. On January 7, 2011, the Defendant was indicted for theft over $500 but less than $1,000 and possession of Alprazolam. Additionally, the Defendant was cited on November 10, 2010, for misdemeanor theft. Pursuant to her plea agreement with the State, the Defendant pled guilty on January 30, 2012, to theft less than $500, a Class A misdemeanor; possession of Oxycodone with intent to sell, a Class C felony; and possession of Diazepam with intent to sell, a Class D felony. She received a four-year sentence. The remaining charges, including the misdemeanor theft citation, were dismissed. A hearing was scheduled to determine the Defendant's suitability for judicial diversion.[1]

The hearing was held on March 9, 2012. After the Defendant's allocution, the trial court concluded that she was not an appropriate candidate for judicial diversion. Despite finding that five of the six factors that the trial court must consider when determining whether to grant diversion weighed in favor of diversion, the trial court found that the circumstances of the offense were so "troubling" that denial of diversion was proper. The trial court explained,

> It's the circumstances of the offenses that are the most troubling to the Court. The touchstone for -- the basic bedrock consideration for the Court are the circumstances of the offense of what the Court looks for is an isolated aberration in conduct and character that's completely out of character for the Defendant, an impulse, something not in keeping with their inclinations.

> The theft charge is very troubling. It's in the warrant that she's acknowledged that she committed theft every time she got on the register. So this is not -- these are not isolated events. And certainly a sale of a controlled substance is a substantial threat to the welfare of the community. . . . And this court would have to find that [the Defendant], because of the continuing nature of her conduct, and because she had two separate drug sales not part of the same activity at all, same conduct, this court would have to hold that she does not qualify.

> . . . .

> . . . [S]he has a multiplicity of offenses, and one offense it was a continuing long term offense. . . . the Court has to find that she's not a proper candidate for diversion. The Court does place her on state supervised probation and I wish her well.

---

[1] The prosecutor opposed judicial diversion but not probation.

This appeal followed.

## ANALYSIS

The Defendant contends that the trial court erred in denying judicial diversion, finding that the circumstances of the offense outweighed all the factors that favored a grant of diversion. The State responds, first, that the Defendant has failed to provide an adequate record on appeal and that waiver of appellate review is appropriate. Regardless of waiver, the State argues that the trial court properly acted within its discretion in denying diversion.

The appellate record in the present case consists only of the technical record, briefs of the parties, and the transcript of the sentencing hearing.[2] The arguments of counsel as well as the court's ruling reference various facts presumably from the guilty plea and pre-sentence report, neither of which are in the record. Absent an adequate record, we presume that the facts support the court's ruling. State v. Robinson, 139 S.W.3d 661, 664-65 (Tenn. Crim. App. 2004) (citing State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999)). The Defendant contends that regardless of the facts supporting the trial court's ruling, the trial court reached an erroneous legal conclusion. We will address the issue on the merits.

### Trial Court's Denial of Judicial Diversion

There is no dispute that the Defendant is eligible for judicial diversion. See Tenn. Code Ann. § 40-35-313(a)(1)(B). The decision to grant judicial diversion lies within the discretion of the trial court and will not be disturbed on appeal unless it is shown that the trial court abused its discretion. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). A denial of judicial diversion will not be overturned if the record contains any substantial evidence to support the trial court's action. Id. When making a determination regarding judicial diversion, the trial court must consider the following factors: (a) the defendant's amenability to correction; (b) the circumstances of the offense; (c) the defendant's criminal record; (d) the defendant's social history; (e) the defendant's mental and physical health; and (f) the deterrent effect of the sentencing decision to both the defendant and other similarly situated defendants. State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997); Parker, 932 S.W.2d at 958.

The decision should be based on whether the grant of diversion will serve the ends of

---

[2] Neither the State nor the Defendant called witnesses at sentencing, relying instead on the record and arguments of counsel.

justice for both the public and the defendant. Id. The record must reflect that the trial court considered and weighed all these factors in arriving at its decision. Id.; State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Additionally, "[t]he court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others." Id. (citing State v. Bonestel, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993)). However, "[t]he denial of judicial diversion may be based solely on the nature and circumstances of the offense, so long as all of the other relevant factors have been considered, and this factor outweighs all others that might favorably reflect on the [d]efendant's eligibility." State v. George William King, No. M2001-02026-CCA-R3-CD, 2002 WL 31520648, at *4 (Tenn. Crim. App. Nov. 13, 2002) (citing State v. Curry, 988 S.W.2d 153, 158 (Tenn. 1999)).

Despite the Defendant's contention that the trial court failed to consider all of the required factors, the record reflects that the trial did consider all of the required factors in making its decision to deny diversion. While the trial court did find that five of the six factors weighed in favor of diversion, the sixth factor, the circumstances of the offenses, led the trial court to determine that the Defendant did not qualify. The trial court explained that the continuous nature of the Defendant's theft charge and the multiplicity of her possession with intent to sell a controlled substance convictions evinced that she was not a proper candidate for diversion. Although the Defendant contends that the trial court "erroneously weighted" the circumstances of the offense, it is well settled that the denial of judicial diversion may be based on this factor alone. See id. In issuing its ruling, the trial court explained, "It's the circumstances of the offenses that are most troubling to the Court." In its consideration of the circumstances of the offense, the court noted that this was not an "isolated aberration in conduct and character" for the Defendant because she admitted to committing theft at Wal-mart "every time she got on the register" and pled guilty to two counts of possession with intent to sell a controlled substance, which involved two separate incidents. Upon consideration of the foregoing and the record as a whole, we conclude that the trial court did not abuse its discretion in denying judicial diversion.

CONCLUSION

Accordingly, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-