# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

Assigned on Briefs December 15, 2004

## STATE OF TENNESSEE v. RUSSELL L. TIPTON

**Interlocutory Appeal from the Circuit Court for Franklin County**
**No. 15084     J. Curtis Smith, Judge**

---

**No. M2003-03030-CCA-R9-CO - Filed May 24, 2005**

---

The defendant challenges the District Attorney General's denial of pretrial diversion pursuant to Tennessee Rule of Appellate Procedure 9. Specifically, he avers that the District Attorney General abused his discretion and failed to consider all relevant factors. Upon careful consideration, we reverse the judgment of the trial court and remand for the District Attorney General's further consideration of all applicable factors, discussion of the evidence supporting those factors, and an explanation of the weight accorded to each.

**Interlocutory Appeal Tenn. R. App. P. 9; Judgment of the Circuit Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Robert T. Carter, Tullahoma, Tennessee, for the appellant, Russell L. Tipton.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; James M. Taylor, District Attorney General; and Steve M. Blount, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The defendant, Russell L. Tipton, was charged with reckless operation of a motor vessel and failure to observe the motor vessel light law. Pursuant to Tennessee Rule of Appellate Procedure 9, he was granted application for interlocutory appeal to challenge the District Attorney General's denial of pretrial diversion. Upon careful review of the briefs, record, and applicable law, we reverse the judgment of the trial court and remand the matter to the District Attorney General for further consideration of the pertinent factors and for a more thorough discussion of the evidence considered and the weight accorded to each factor.

The defendant was indicted by a Franklin County Grand Jury, which charged him with one count of reckless or negligent operation of a motorboat or vessel and one count of failing to

exhibit proper lights on a boat or vessel. The defendant filed an application for pretrial diversion on May 23, 2002, which was denied by the District Attorney General. The defendant then filed a petition for writ of certiorari in the trial court, which was likewise denied on September 23, 2003. Subsequently, the trial court granted the defendant's motion for a Rule 9 interlocutory appeal, and this court granted the application for permission to appeal. On appeal, the defendant contends that the District Attorney General's denial of pretrial diversion is not supported by substantial evidence and should be reversed.

The record reveals that on July 4, 2002, the defendant and his wife were aboard a pontoon boat on Tim's Ford Lake in Franklin County. They pulled the boat to the south side of a channel to watch fireworks displays from the Tim's Ford Marina and from the Town of Winchester. At approximately nine o'clock in the evening, the pontoon, which was allegedly operating without proper lights, was struck by a ski boat that had several young men aboard. Upon striking the defendant's boat, one of the passengers, James Eric Jones, "was thrown forward from the forward cabin of the motorcoach and ultimately drowned."

On May 23, 2003, the defendant submitted an application for pretrial diversion. In a letter denying the defendant's application, the District Attorney General noted the seriousness of the offense, the need for deterrence, and the defendant's failure to accept responsibility or feel remorse for his actions. In support of his position, the District Attorney General indicated that the defendant failed to answer "question #32," which asked for the defendant's recitation of the events in question. However, the defendant contends that he did not refuse to respond, but rather attached a copy of his statement to authorities following the incident. The letter denying diversion also noted several factors which were favorable to the defendant, such as his lack of a criminal record, his social history, his amenability to correction, and his "attitude and behavior since arrest and attitude of law enforcement." However, the District Attorney General ultimately summarily concluded that the "other factors considered herein outweigh[ed]" these factors and denied diversion.

Following the District Attorney General's denial of pretrial diversion, the defendant filed a petition for writ of certiorari. In an order denying the petition, the trial court found that the District Attorney General considered and weighed all relevant factors as set out in case law and that substantial evidence existed in the record to support the decision. Accordingly, the trial court found that there was no abuse of discretion on the part of the District Attorney General and denied the writ of certiorari. The petitioner now appeals to this court, pursuant to Tennessee Rule of Appellate Procedure 9.

**Analysis**

The pretrial diversion statute allows a District Attorney General to suspend the prosecution of an eligible defendant for a period not to exceed two years. See Tenn. Code Ann. § 40-15-105(a)(1)(A) (2004). To be eligible for pretrial diversion, the defendant: (1) must not have been previously granted pretrial diversion; (2) must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary program for such conviction; and

(3) must not be charged with a Class A felony, a Class B felony, certain Class C felonies, a sexual offense, driving under the influence, or vehicular assault. Id. at (a)(1)(B)(I).

There is no presumption that a person eligible for pretrial diversion is entitled to diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). The defendant bears the burden of establishing that pretrial diversion is appropriate and in the interest of justice; therefore, it is the defendant's responsibility to submit substantial favorable evidence for the District Attorney General's consideration. State v. Bell, 69 S.W.3d 171, 179 (Tenn. 2002).

The decision to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105(b)(3) (2004); see also State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997). The District Attorney General must focus on the defendant's amenability to correction and consider any factors that tend to accurately reflect the defendant's propensity to become a repeat offender. State v. Yancey, 69 S.W.3d 553, 557 (Tenn. 2002); State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). These factors include: (1) the circumstances of the offense; (2) the defendant's criminal record; (3) the defendant's social history; (4) where appropriate, the defendant's physical and mental condition; (5) the likelihood pretrial diversion will serve the ends of justice; and (6) the best interest of both the public and the defendant. Hammersley, 650 S.W.2d at 355. The District Attorney General should clearly articulate these factors for the record to facilitate appellate review. Id. If pretrial diversion is denied, the denial must be written, must list the evidence considered, and must discuss which factors were considered and the weight accorded to each factor. Curry, 988 S.W.2d at 157.

If an application for pretrial diversion is denied, a defendant may appeal to the trial court for a writ of certiorari to determine if the district attorney general abused his or her prosecutorial discretion. Tenn. Code Ann. § 40-15-105(b)(3) (2004). In reviewing the prosecutor's decision, the trial court must consider only the evidence considered by the district attorney general and conduct a hearing only to resolve factual disputes concerning the application. Curry, 988 S.W.2d at 157-58. The discretion to grant or deny pretrial diversion rests with the district attorney general rather than the trial court. Bell, 69 S.W.3d at 179. The trial court is to review the method used by the prosecutor but not "the intrinsic correctness" of the prosecutor's decision. Yancey, 69 S.W.3d at 558-59. The trial court may not reweigh the evidence or substitute its view for that of the prosecutor. Id. at 559.

The defendant first contends that the District Attorney General abused his discretion when he based his denial primarily on the need for deterrence. Our supreme court has previously held that "the circumstances of the case and the need for deterrence may be considered as two of many factors, [but] they cannot be given controlling weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988)). Additionally, "[t]here is no requirement that a defendant admit his or her guilt, although in certain factual situations, this stance by a defendant may be considered in determining the defendant's 'amenability to correction.'" State v. Wallace Jones, No. M2002-00738-CCA-R9-CO, 2003 Tenn. Crim. App. LEXIS 257, at *10 (Tenn. Crim. App.,

-3-

at Nashville, Mar. 26, 2003). As this court has previously noted, "[t]he supreme court in Bell made it clear that the focus of the prosecutor in determining whether or not to grant pre-trial diversion shall be upon defendant's 'amenability to correction,'" not on whether the defendant is guilty. Id. at *10-11 (citing 69 S.W.3d at 178).

Upon review of the District Attorney General's denial letter, it appears that he based the denial primarily on a general need for deterrence and the seriousness of the alleged offense, while failing to emphasize the defendant's amenability to correction. Moreover, the letter fails to state why the former are of "such overwhelming significance" as to be given controlling weight. We conclude that the denial is contrary to the applicable precedent and, therefore, remand the matter to the District Attorney General for further consideration of these factors, the evidence supporting their application, and the appropriate weight to be given them.

Secondly, the defendant argues that the District Attorney General did not adequately consider all relevant factors before he denied the defendant's application, and the defendant cites Curry in support. Specifically, the defendant argues that the District Attorney General did not sufficiently discuss the factors favorable to the defendant. We agree. The record reflects that the defendant was fifty-eight years old at the time of the alleged offense and had retired from law enforcement after twenty-five years of service. His diversion application contained numerous references, including letters from the Tennessee Commissioner of Safety, District Attorney General Bill Gibson, and former District Attorney General Joe Baugh. The record further reflects that the defendant has no prior criminal history and suffers from no mental or physical problems.

Although the favorable factors were briefly mentioned in the letter of denial, the District Attorney General failed to discuss the evidence supporting these factors and stated, in an conclusory fashion, that the "other factors considered herein outweigh[ed the factors favoring the defendant]." We conclude that this treatment was cursory at best. As aforementioned, our supreme court has opined that, if diversion is to be denied, the district attorney general should enumerate the evidence considered and discuss the factors considered in making his or her decision, along with the weight accorded to each factor. Curry, 988 S.W.2d at 157. Moreover, the denial must be more than "'an abstract statement in the record that the district attorney general has considered these factors.'" Id. (quoting State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989)). Therefore, upon review of the record, we would remand the matter for further consideration and a more thorough discussion of the evidence and weight accorded to each factor.

## Conclusion

We reverse the judgment of the trial court and remand for the District Attorney General's further consideration of the pertinent factors, a discussion of those factors and the evidence supporting their application, and an explanation of the weight accorded to each.

---

JOHN EVERETT WILLIAMS, JUDGE

-4-