IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. BRIAN RUSSELL WEBB

**Appeal from the Circuit Court for Montgomery County**
**No. 40984      John H. Gasaway, III, Judgeell**

---

**No. M2000-00743-CCA-R9-CD - Filed April 16, 2001**

---

The Defendant, Brian Russell Webb, was charged with driving under the influence (DUI), reckless driving, violation of the implied consent law, speeding, evading arrest, theft of property valued at more than $10,000 and vandalism. He pled guilty to the DUI, and upon motion of the State, the trial court dismissed the charges for reckless driving and violation of the implied consent law. The Defendant filed an application for pretrial diversion for the remaining charges, which the prosecutor subsequently denied. The Defendant then filed a petition for a writ of certiorari, seeking review of the prosecutor's denial of his application for diversion. After a hearing, the trial court found that the State had abused its discretion and ordered the Defendant placed on pretrial diversion. In this appeal, pursuant to Tenn. R. App. P. 9, the State contends the trial court erred in finding that the prosecutor abused his discretion in denying pretrial diversion. We reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the appellant, State of Tennessee.

Brian R. Webb, Newport, Tennessee, pro se appellee.

### OPINION

### I. Background

On May 1, 1999, the Defendant, while intoxicated, stole a motorcycle from a restaurant parking lot in Clarksville, Tennessee. As the Defendant was driving the motorcycle on a state highway, an officer observed the Defendant driving 67 miles per hour in a 45 miles per hour zone.

The officer pursued the Defendant and a chase ensued, which reached a speed of more than 100 miles per hour. After about two miles, the Defendant ran out of gas and the officer arrested the Defendant. The Montgomery County Grand Jury returned a seven-count indictment against the Defendant charging the following offenses:

      I.      driving under the influence (DUI)
      II.     reckless driving (Class B misdemeanor)
      III.    violation of the implied consent law
      IV.   speeding (Class C misdemeanor)
      V.    evading arrest (Class E felony)
      VI.   theft of property valued between ten thousand dollars ($10,000) and sixty thousand dollars ($60,000) (Class D felony); and
      VII.  vandalism (Class A misdemeanor).

Defendant pled guilty to count I (DUI) and received a sentence of eleven (11) months and twenty-nine (29) days, with all but ten days suspended and the balance to be served on supervised probation. Upon the State's motion, the trial court dismissed counts II and III, and the Defendant requested pretrial diversion for counts IV through VII.

In an affidavit submitted in support of his request for pretrial diversion, the Defendant stated that he was a 26 year-old employee of Norfolk Southern Railroad, where he has been employed since 1998. Defendant stated that he had been diagnosed as being an alcoholic and bi-polar (i.e., manic depressive). The Defendant stated that he had gone through recovery for his alcoholism and was attending Alcoholics Anonymous meetings. Defendant further stated that he was seeing a psychiatrist and taking prescribed medication for his mental illness. Prior to the incident leading to the instant charges, Defendant was a Tennessee Highway Patrolman and a graduate of the Tennessee Highway Patrol Academy. Defendant claimed that upon graduating from the academy, he was assigned to work the Middle Tennessee area, which forced him to leave his family in East Tennessee. Defendant stated that this move caused him depression and anxiety, which eventually led to a relapse in his drinking. In sum, Defendant argued that, but for his mental illness and alcoholism affecting his decision-making, he would not have engaged in the conduct leading to the instant charges.

On September 29, 1999, the Assistant District Attorney General rejected Defendant's application for pretrial diversion in a letter to Defendant's then retained attorney. The prosecutor acknowledged the positive factors weighing in favor of diversion, such as:

(1) defendant's lack of criminal convictions;
(2) his graduation from the Tennessee Highway Patrol Academy;
(3) his former position as a deputy in Knox County and a member of the National Guard;
(4) his good employment history;
(5) his diagnosis as an alcoholic and his continued treatment and rehabilitation; and
(6) his diagnosis as a bi-polar manic depressive and his continued treatment.

2

However, in his denial letter, the prosecutor noted several other factors that he felt weighed more heavily against the Defendant's potential for rehabilitation:

"These factors are: The nature and circumstances of the pending charges. Specifically I am concerned that he, a trained law enforcement officer, would cause an extremely dangerous high speed chase to occur, in excess of 100 MPH, thereby putting his and others [sic] lives at risk. The chase ended only because he ran out of gas and not because he chose to stop. He had been drinking. He was arrested with tools on his person which tend to indicate that the theft of the motorcycle was planned and not an impulsive act. He became very combative and abusive towards the officers after he was arrested. He made a conscious effort to prevent an accurate breath test. These charges occurred while he was awaiting trial for a DUI arrest, in which he also attempted to run from the police at a high rate of speed and nearly ran over another officer. I have learned that he is currently under investigation for additional auto/vehicle theft charges."

After weighing all the factors, the prosecutor concluded that the interest of the public substantially outweighed the Defendant's interest in pretrial diversion, for the following reasons:

"Given the repetitive nature of this offense, the fact that he was a trained law enforcement officer who knew that his conduct was very dangerous and illegal, his violation of public trust, the need for deterrence of high speed attempts to evade arrest, I have concluded that he made a deliberate decision to violate the law and engaged in a series of acts to thwart the effective enforcement of the law."

The Defendant filed a petition for writ of certiorari to the trial court to review the State's denial of pretrial diversion. A transcript of the hearing was not provided on appeal. However, in its written opinion and subsequent order, the trial court found that the prosecutor abused his discretion in denying pretrial diversion. Specifically, the trial court found that the prosecutor either inappropriately or inaccurately considered "an ongoing criminal investigation and prior law enforcement training" and a possible "violation of public trust" by the Defendant. The trial court also found that it was error for the prosecutor not to fully consider "the likelihood that pretrial diversion served the ends of justice and [the] best interests of both the public and defendant." The trial court concluded that the prosecutor failed to consider certain mitigating factors submitted by the Defendant. The trial court further found that the prosecution failed to consider such factors as: Defendant's age; family support; extensive treatment for his alcoholism; the effect of alcohol on Defendant's behavior; the impact of a felony conviction on Defendant's employment; and Defendant's ability to "'pay (his) debt to society and earnestly work for the community.'" Finally, the trial court found that the prosecutor failed to articulate why he gave certain factors more weight than others. As a result, the trial court ordered that the Defendant be placed in pretrial diversion for the maximum period of two years under supervised probation, to include: 1) random drug testing, 2) continued psychiatric treatment, 3) AA meetings, 4) restitution to the victim and 5) payment of court costs and supervision fees.

From the trial court's order, the State of Tennessee brings this appeal.

## II. Analysis

The decision to grant or deny an application for pretrial diversion is within the discretion of the prosecuting attorney. Tenn. Code Ann. § 40-15-105; State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). In making this determination, the prosecutor should

> focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

Curry, 988 S.W.2d at 157 (quoting State v. Pinkham, 955 S.W.2d 956, 959-60 (Tenn. 1997) and State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)). The prosecutor's response must be in writing, must list the evidence considered, and must point out any factual discrepancies between the evidence upon which the prosecutor relied and that presented in the defendant's application. Curry, 988 S.W.2d at 157. The response must discuss the factors considered by the prosecutor and the weight given to each factor. Id. "That a defendant, obviously, bears the burden of demonstrating suitability for diversion does not relieve the prosecutor's obligation to examine all of the relevant factors and to set forth the required findings." Id. The failure of the record to reflect that the District Attorney considered all of the applicable factors would allow a reviewing court to find an abuse of discretion. See State v. Carr, 861 S.W.2d 850, 858 (Tenn. Crim. App. 1993).

The district attorney's decision to grant or deny pretrial diversion is presumptively correct and shall be reversed only when the defendant establishes that there has been an abuse of prosecutorial discretion. Curry, 988 S.W.2d at 158. In reviewing the district attorney general's decision, the trial court is limited to the evidence originally considered by the district attorney general. State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993). "The trial court may conduct a hearing only to resolve any factual disputes raised by the prosecutor or the defendant concerning the application, but not to hear additional evidence that was not considered by the prosecutor." Curry, 988 S.W.2d 153 at 157-58 (citing Pinkham, 955 S.W.2d at 960). In order to establish such an abuse of discretion, the record must show an absence of any substantial evidence to support the district attorney's refusal to grant pretrial diversion. Curry, 988 S.W.2d at 158. Therefore, in a close case where the District Attorney could have legitimately granted or denied the application, the trial judge must defer to the judgment of the District Attorney. Carr, 861 S.W.2d at 856.

4

On appeal, the trial court's findings of fact are binding on an appellate court unless the evidence preponderates against those findings. Id. Therefore, we review to determine whether the trial court's decision is supported by a preponderance of the evidence. Curry, 988 S.W.2d at 158; Pinkham, 955 S.W.2d at 960. When reviewing a denial of pretrial diversion, this Court may not substitute its judgment for that of the district attorney's even if we would have preferred a different result. State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995).

Although the defendant's application suggests that he may be an excellent candidate for pretrial diversion based upon his work history, attempts to seek treatment for his illnesses and amenability to rehabilitation, the focus of diversion does not rest solely upon the alleged offender. This Court has held on several occasions, that in appropriate cases the circumstances of the offense and the application for deterrence may outweigh other relevant facts and justify a denial of pre-trial diversion. Carr, 861 S.W.2d at 858. Here, the District Attorney General properly relied heavily upon the circumstances of the offenses, the repetitive nature of Defendant's conduct and the need for deterrence to support denial of pretrial diversion. The district attorney found that the Defendant became intoxicated, stole another's property, evaded arrest and forced an officer to chase him on a state highway at an excessive speed. The district attorney also learned that the Defendant had apparently engaged in similar behavior prior to the instant charges. However, we note that the evidence in this record does not preponderate against the trial court's finding that the prosecutor incorrectly considered the violation of public trust as a factor. This was not an appropriate factor for consideration, since Defendant was not a highway patrolman at the time of these offenses. But Cf. State v. Houston, 900 S.W.2d 712, 715 (district attorney denied pretrial diversion to a police captain who assaulted a court administrator during business hours, and placed great weight on the fact that the police captain had violated a position of public trust).

Based upon the record, we conclude that the evidence presented by the Defendant in support of his application for pretrial diversion, as well as other evidence considered by the district attorney, could have supported either a grant or denial of diversion. In State v. Carr, this court held that

> It is not the trial court's function to disapprove the denial whenever it disagrees with the prosecutor. It is obligated to defer to the prosecutor's discretion when the record contains any substantial evidence to support the decision. Thus, if the record would support either a grant or a denial of pretrial diversion, the trial court must defer to the prosecutor's discretionary decision.

861 S.W.2d at 856.

While this case may be a close call regarding the Defendant's suitability for diversion, we find that the record does not show an absence of any substantial evidence to support the prosecutor's refusal to grant pretrial diversion. Curry, 988 S.W.2d at 158. The record reflects that the prosecuting attorney considered the positive factors submitted by the Defendant. However, the prosecutor, within his discretion, gave more weight to the factors that weighed against the Defendant. As noted in Carr, a trial court's disagreement with the prosecutor's analysis of the

5

circumstances, cannot support a finding of an abuse discretion. <u>Carr</u>, 861 S.W.2d at 856. We also note that while the trial court found that the prosecutor failed to give proper consideration to the mitigating factors submitted by the Defendant, the record indicates that these mitigating factors were submitted on October 19, 1999, twenty days after the prosecutor's denial letter of September 29, 1999. The defendant bears the burden of providing the prosecutor "with sufficient background information and data to enable that officer to make a reasoned decision to grant or deny the relief sought." <u>State v. Herron</u>, 767 S.W.2d 151, 156 (Tenn. 1989). The applicant should provide the prosecutor with evidence relating to all relevant factors to be considered by the prosecutor. <u>Winsett</u>, 882 S.W.2d at 810. Thus, even if some inappropriate factors were considered, this does not foreclose a determination that substantial evidence still remains to support the prosecutor's denial of pretrial diversion. <u>Carr</u>, 861 S.W.2d at 857.

### III. CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings.

_____
THOMAS T. WOODALL, JUDGE

6