IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 22, 2009 Session

## STATE OF TENNESSEE v. MICHAEL EUGENE CHITTUM

**Appeal from the Criminal Court for Trousdale County**
**No. 07-69-D-298     John D. Wootten, Jr., Judge**

---

**No. M2008-02106-CCA-R9-CO - Filed May 27, 2009**

---

The Defendant, Michael Eugene Chittum, was charged with one count of reckless vehicular homicide, a Class C felony. His application for pretrial diversion was denied by the district attorney general and that denial was upheld by the Criminal Court of Trousdale County. In this appeal, the Defendant argues that the trial court erred in upholding his denial of pretrial diversion because the district attorney general considered an irrelevant factor in his denial memorandum. On appeal, the State concedes that the district attorney general impermissibly considered an irrelevant factor and asks us to remand this case to the district attorney general for reconsideration. The Defendant, in response, asks us to reverse the decision of the trial court and remand to the trial court for entry of an order granting him pretrial diversion. After our review, we reverse, remand, and direct the entry of an order granting the Defendant pretrial diversion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court Reversed; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Vincent P. Wyatt, Nashville, Tennessee, for the appellant, Michael Eugene Chittum.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; Tom P. Thompson, District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

As outlined by the district attorney general in his denial of pretrial diversion, the facts underlying this case are as follows:

On the evening of Easter Sunday, April 8th, 2007, the Defendant . . . had just finished visiting a friend in Trousdale County and was traveling down Highway 231 towards Lebanon on his way to his home in Hermitage. He approached the four-way stop at the intersection of Highway 25 and Highway 231, and waited while a tractor-trailer truck, who had arrived at the stop sign first, turned left from Highway 25 onto Highway 231, traveling in the same direction as the Defendant. The Defendant then proceeded straight through the intersection and began following the truck. The truck was traveling at about 40 to 50 miles per hour. According to the Defendant, he wanted to pass the truck. He could not pass the truck at the first passing zone because of oncoming vehicles. At the second [] passing zone, another oncoming vehicle obstructed his path. Then, according to another motorist following the Defendant, just as the second [] passing zone had concluded, the Defendant attempted to overtake the semi-truck in the no passing zone. According to the motorist, the Defendant began his pass in the no passing zone as he was approaching a small hill. At the rise of the hill, the Defendant says that he was only halfway through the pass of the semi-truck when another vehicle topped the hill and the Defendant's vehicle struck the other vehicle head on. The other vehicle was driven by the victim, Gerald Miller. Mr. Miller was killed as a result of the crash. Also in Mr. Miller's vehicle was his wife and their small granddaughter. Both of these passengers received minor injuries. Mr. Miller and his wife had spent the day celebrating the Easter holiday with family and [were] returning home at the time of the crash. According to the Crash Re-Constructionalist with the Tennessee Highway Patrol, the Defendant traveled in the no passing zone for a distance of seven hundred and twenty-seven feet to the point of impact, a distance of over a tenth of a mile (0.135 miles).

The Defendant was not under the influence of alcohol or drugs at the time of the accident. He gave the following recitation of the facts:

I was traveling southbound on US Highway 231 in the evening hours of April 8, 2007. I was following a tractor trailer for a couple of miles at forty miles an hour until I attempted to pass the tractor trailer in the opposite lane inside a passing zone. I traveled along the tractor trailer until I realized I was in a no passing zone as I saw the lights of another vehicle cresting the hill in the lane of traffic I was traveling. The vehicle appeared to be too close to allow me to fall back into the lane behind the truck, so I pulled the wheel to the left toward the north bound ditch. The driver of the vehicle swerved for the ditch as well and we collided. I am very sad about the accident that I know I caused. I regret every day the decision that I made to try to pass the truck. I wish that I could take back that decision back [sic] as I feel terrible about the loss of life that my actions caused.

The Defendant was charged with one count of non-intoxicated reckless vehicular homicide under Tennessee Code Annotated section 39-13-213(a)(1), a Class C felony. On April 10, 2008, he

submitted an application for pretrial diversion to the district attorney general. The application was denied on May 8, 2008, citing

> three compelling reasons for denying diversion. (1) The Defendant's conduct not only endangered human life, but actually caused the death of an innocent person and endangered two others (2) Based on the Defendant's lack of correction from previous incidents, he is likely to re-offend (3) The legislature has expressed a clear intent with the passage of a new law that persons charged with Vehicular Homicide by Recklessness should not receive diversion.

In opining that the Defendant was likely to re-offend, the district attorney general noted one previous accident on the Defendant's thirty-seven year driving record. That accident occurred on May 18, 2005. The district attorney general also noted two citations for speeding and one citation for running a red light.

As to the Defendant's criminal and social history, the district attorney general noted that the Defendant had one conviction for shoplifting in 1973. The district attorney general otherwise noted the Defendant's positive social history and the positive letters of reference he compiled in support of his pretrial diversion application. The Defendant has a college degree and a master's degree and has remained consistently employed. He has no history of mental or physical problems and no record of problems related to drugs or alcohol.

Explaining the perceived significance of the legislature's decision, made after April 8, 2007, to remove reckless vehicular homicide from pretrial diversion eligibility, the district attorney general explained that the

> [pretrial diversion] statute expressly prohibits diversion for the crime of Vehicular Homicide. While this provision was not in effect at the time of the crash, the legislature has subsequently amended the statute to prohibit the grant of diversion for vehicular homicides. As pre-trial diversion was a disposition created by the will and act and intent of the legislature, courts should pay particular attention to subsequent modifications and revisions to the statute. Even if, as the Defendant claims, Ex Post Facto protections apply to allow the court to reach the conclusion that the Defendant was statutorily eligible at the time of the offense, the current status of the law indicates that a District Attorney does not abuse his discretion in denying such diversion. Further, it is important to note that a person charged with a class A or B felony has never been entitled to diversion. Therefore, a vehicular homicide by intoxication has never been entitled to diversion under any Tennessee diversion statute. This illustrates that when the legislature amended the pre-trial diversion statute to specifically exclude vehicular homicide, the only true effect of the amendment was to no longer make vehicular homicide by recklessness eligible. That was the specific legislative intent of the amendment, as the other was already excluded by the B felony rule.

On July 1, 2008, the Defendant filed a petition for writ of certiorari seeking reversal of the district attorney general's denial of pretrial diversion. The Criminal Court of Trousdale County declined to reverse the denial. The Defendant now appeals that decision.

**Analysis**

The pretrial diversion statute allows a district attorney general to suspend the prosecution of an eligible defendant for a period not to exceed two years. See Tenn. Code Ann. §40-15-105(a)(1)(A). In order to qualify for pretrial diversion, the defendant must not have previously been granted diversion; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary program for the prior conviction; and must not be charged with a Class A felony, a Class B felony, certain class C felonies, certain sexual offenses, driving under the influence, or vehicular assault. See id. § 40-15-105(a)(1)(B)(i)(a)-(c). As mentioned above, the statute now makes any vehicular homicide ineligible for pretrial diversion, see Tennessee Code Annotated section 40-15-105(a)(1)(B)(iii)(k), although reckless vehicular homicide was eligible at the time the Defendant committed his offense. See 2007 Tenn. Pub. Acts ch. 471, §1 (adding vehicular homicide as one of the Class C felonies ineligible for pretrial diversion).

There is no presumption that a person eligible for pretrial diversion is entitled to diversion. See State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). The "defendant bears the burden of establishing that pretrial diversion is appropriate and in the interest of justice;" therefore, it is the responsibility of the defendant to provide "substantial favorable evidence for the district attorney general's consideration." State v. Bell, 69 S.W.3d 171, 179 (Tenn. 2002).

The decision to grant or deny an application for pretrial diversion rests within the discretion of the district attorney general. See Tenn. Code Ann. § 40-15-105(b)(3). "When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered." State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983).

Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant. Id. If pretrial diversion is denied, the denial must be written, must list the evidence considered, discuss which factors were considered, and discuss the weight accorded to each factor. See State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997). "This requirement entails more than an abstract statement in the record that the district attorney general has considered these factors." Curry, 988 S.W.2d at 157 (citations omitted).

If the application for pretrial diversion is denied, the defendant may appeal to the trial court for a writ of certiorari. See Tenn. Code Ann. § 40-15-105(b)(3). On review, the trial court is constrained to consider only the evidence considered by the district attorney general and must

determine whether the district attorney general has abused his or her discretion.  See Bell, 69 S.W. 3d at 177.  An abuse of discretion may only be found where the prosecutor fails to consider all the relevant factors and their weight or reaches a decision not supported by substantial evidence.  See id.  On review, the decision made by the district attorney general is presumed correct.  Curry, 988 S.W.2d at 158.  Therefore, in a close case where the prosecutor could have legitimately granted or denied the application, the trial court must defer to the judgment of the prosecutor.  See State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993).  For purposes of our review, this Court is "bound by the factual findings made by the trial court unless the evidence preponderates against them."  Bell, 69 S.W.3d at 177.

"However, if the evidence of record is undisputed and calls for no finding of fact to resolve the issue, a trial court's determinations constitute conclusions of law to which an appellate court is not bound."  Carr, 861 S.W.2d at 856 (citations omitted).  Therefore, when the facts are undisputed, the underlying issue that this Court must determine on appeal remains whether, as a matter of law, the district attorney general abused his or her discretion in denying pretrial diversion.  Id.

On appeal, the State concedes that the district attorney general abused his discretion by considering an irrelevant factor, namely the fact that the pretrial diversion statute had been amended after the date of the Defendant's conduct to make vehicular homicide ineligible.  In reaching this conclusion, the State relies on the holding in State v. McKim, 215 S.W.3d 781, 788 (Tenn. 2007), that a district attorney general abuses his or her discretion when categorically declining to grant diversion to a certain types of diversion-eligible offenses.  Although we agree that the district attorney general abused his discretion by considering the amendment to the pretrial diversion statute, we have also held that such action violates a defendant's ex post facto rights under Article I, Section 9 of the United States Constitution.  In State v. Michael H. Smith, No. E1999-02722-CCA-R9-CD, 2001 WL 5045 (Tenn. Crim. App., Knoxville, Jan. 2, 2001), we noted that "the [pretrial diversion] statute in effect at the time of the charged offense applies," citing for support Boykins v. State, 584 S.W.2d 194, 196 (Tenn. 1979), which held that "retroactive application of [a] stricter probation standard would be violative of [the] prohibition against ex post facto laws."  Smith, 2001 WL 5045, at *2 n.2.  Because consideration of the legislature's amendment of the pretrial diversion statute violated the Defendant's ex post facto rights, we agree that the district attorney general abused his discretion.

We also conclude that the district attorney general in this case, in weighing against the Defendant the fact that his conduct caused the death of another, abused his discretion by "focus[ing] . . . on his own opinion of what should and should not be a divertible offense."  McKim, 215 S.W.3d at 788.  The death of another is an element of vehicular homicide, see Tennessee Code Annotated section 39-13-213(a)(1); to weigh the presence of an element of a divertible crime against a defendant tends, in contravention of the will of the legislature, to effectively remove that crime from consideration for pretrial diversion.

We therefore conclude that the district attorney general in this case impermissibly "under[took] to apply a local policy contrary to or different from that provided by state law" in

denying diversion because the instant offense involved a death. Hammersley, 650 S.W.2d at 356. Our conclusion that the district attorney general focused on the type of offense rather than the particular circumstances of the offense or the offender is bolstered by the paucity of evidence supporting the district attorney general's sole remaining ground for denying diversion: his opinion that the Defendant was not amenable to correction and was therefore likely to re-offend as a reckless driver. The district attorney general based this conclusion on the fifty-three-year-old Defendant's three traffic citations and one previous accident. The Defendant's counsel described the Defendant's previous accident and driving record at the hearing before the trial court on his motion for a writ of certiorari:

> Essentially, another car was stopped – there was [sic] two lanes going the same direction. The outside lane is stopped, allowed [the Defendant] to pull out and the car traveling in the inside lane struck [the Defendant]. Essentially, those facts don't show any recklessness. Two speeding tickets in 37 years don't show recklessness, prior habitual recklessness. . . . He doesn't have any kind of record for being a reckless driver. Like I said, he regrets the decision every single day, and he's sorry for the momentary lapse in judgement.

The State asks us to remand this case to the district attorney general for reconsideration of the Defendant's pretrial diversion eligibility. Our supreme court has stated that "[i]f the trial court determines that the district attorney general has failed to consider and weigh all relevant factors, the trial court must reverse the district attorney general's decision and remand the matter for further consideration and weighing of all the factors relevant to the pretrial diversion determination." McKim, 215 S.W.3d at 788. This procedure should also generally be followed in the event that a district attorney general relies upon irrelevant factors in denying pretrial diversion, as in this case. See id. at 789.

This Court can, however, remand a case to the trial court with an instruction that an order granting diversion be entered when "there is no substantial evidence to support the decision of the prosecutor" to deny pretrial diversion. State v. Gordon McGee, Sr., No. M2007-01675-CCA-R10-CD, 2009 WL 103987, at *8 (Tenn. Crim. App., Nashville, Jan. 13, 2009) (quoting State v. Russell L. Tipton, No. M2006-00260-CCA-R9-CO, 2007 WL 2295610, at *7 (Tenn. Crim. App., Nashville, Aug. 9, 2007)). In this case, we conclude that no substantial evidence supports the district attorney general's denial of pretrial diversion. The Defendant has remained consistently employed, has no significant criminal record, and has an excellent social history. He has no history of alcohol or drug abuse. Although the district attorney general in this case discussed all relevant factors, his decision rested on two irrelevant factors: the legislature's amendment of the pretrial diversion statute and the fact that the Defendant's crime caused the death of another. Although relevant, the district attorney general's further conclusion that the Defendant is not amenable to correction and likely to re-offend is neither supported by the Defendant's driving record nor consistent with the Defendant's expressions of remorse for his conduct and its consequences. We conclude that the Defendant has met his burden of presenting substantial evidence that pretrial diversion is appropriate and in the interest of justice. See Bell, 69 S.W.3d at 179. We conclude that the district attorney general's

denial is not supported by substantial evidence. We therefore remand this case and direct that the trial court enter an order directing that the Defendant be granted pretrial diversion.

**Conclusion**

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court. We remand this case to the trial court for entry of an order granting the Defendant pretrial diversion.

_____
DAVID H. WELLES, JUDGE