IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 4, 2010 Session

**STATE OF TENNESSEE v. THERESA W. ROBINSON**

**Appeal from the Circuit Court for McNairy County**
**No. 2388      J. Weber McCraw, Judge**

**No. W2009-01681-CCA-R3-CD  - Filed July 23, 2010**

The defendant, Theresa W. Robinson, was indicted for soliciting unlawful compensation, misuse of official information, and official misconduct. She applied for pretrial diversion, and the district attorney general denied her request. After granting her petition for a writ of certiorari, the trial court ruled that the district attorney general abused his discretion in denying pretrial diversion. The State appealed. Following our review, we conclude that we are without jurisdiction because the State cannot appeal the trial court's decision to grant pretrial diversion under Tennessee Rule of Appellate Procedure 3 and we decline review under Tennessee Rule of Appellate Procedure 10. Accordingly, the State's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; D. Michael Dunavant, District Attorney General; and Bob Gray, Assistant District Attorney General, for the appellant, State of Tennessee.

Terry Abernathy, Selmer, Tennessee, for the appellee, Theresa W. Robinson.

**OPINION**

**FACTS**

The charges against the defendant resulted from her, while employed as the chief deputy clerk with the McNairy County Circuit Court, providing information to bonding

companies in exchange for money. The information provided by the defendant consisted of a list of people who had missed court and people who had been arrested.

The defendant filed an application for pretrial diversion on October 23, 2008, and an amended application on November 13, 2008. In her application, the defendant stated that she is forty-seven years old, has never been convicted of an offense that would disqualify her for diversion, and is an otherwise "qualified [d]efendant." Attached to her amended application, the defendant provided a letter explaining how she became involved in the offenses. According to her letter, the defendant was approached by the owner of Statewide Bonding Company, asking that she "accumulate a list of people who had missed court that he needed to be looking for." The defendant claimed that she consulted with her boss, the court clerk, before agreeing to provide information to Statewide, and she performed the research after hours on her work computer. The defendant said that the information given to Statewide was redundant because "a letter was always sent to the bonding companies that their client has missed court." The defendant estimated that she received $3600 over the course of three years. The defendant acknowledged that she did not claim any of the money as income on her tax return. The defendant said that she was later approached by a representative from two other bonding companies, and she agreed to compile the same kind of information for $300 and did so once. The defendant maintained that she did not know her actions were illegal and said that she did not give any preferential treatment to or hold back any "failure to appears" for Statewide.

The State submitted its response to the defendant's application on March 24, 2009, denying the defendant's request. In his response, the district attorney general, addressing the circumstances of the offenses, said that the defendant's conduct "provided bonding companies with information regarding their clients in a more immediate and timely manner than usual, and also saved bonding agents from the necessity of physically attending court to obtain the information." The district attorney general stated that the defendant "used her position of authority and public trust as a county-paid deputy clerk to provide certain court information to bonding companies for her own personal benefit[.]" Thus, the district attorney general gave the circumstances of the offenses "great weight" against the grant of pretrial diversion.

The district attorney general concluded that the defendant's lack of criminal record, social history, and present condition weighed in favor of diversion. However, he determined that the need for deterring other public servants from engaging in similar unlawful behavior and the defendant's failure to "fully accept[] responsibility for her criminal behavior" carried "great weight" against the grant of diversion. The district attorney general also determined, in addressing the defendant's amenability to correction, that the defendant, being an officer of the court and a public servant, should have known her conduct was improper but was

"motivated . . . by the personal monetary gain that she received." He concluded,

> If the [d]efendant is not held to the same standards of correction as any other felony offender, she may minimize the seriousness of her prior behavior, and continue to show a lack of respect for the law in the future by engaging in crimes of dishonesty again to mitigate the financial loss of her employment[.]

The district attorney general found that pretrial diversion would not serve the ends of justice and the interests of the public because the State "has a compelling interest in preventing the obtaining of personal benefit by persons holding positions of public authority, trust, and confidence," and "[t]he citizens of the State hold elected officials, including deputy court clerks, to a higher moral standard regarding their business and personal dealings in every way." He also found that the general attitude of law enforcement was that a criminal act by an officer of the court negatively impacted the public image of all officers involved in the judicial process. As additional factors, the district attorney general found that the defendant's home environment, lack of drug use, emotional stability, and past employment weighed in favor of diversion. However, he found that the defendant's family responsibility weighed against diversion because one of her daughters "may have been peripherally involved with [the defendant] in the providing of information to bonding companies and receipt of compensation therefor while the [d]efendant was on vacation." The district attorney general did not ascribe any weight either in favor or against diversion with regard to the defendant's attitude and behavior since the arrest, her general reputation, and marital stability.

On April 1, 2009, the defendant filed a petition for writ of certiorari with the trial court to review the district attorney general's denial of pretrial diversion, and the State responded on April 16, 2009. A hearing was held on June 8, 2009, after which the court found that the district attorney general abused his discretion in denying diversion. The court ordered that the parties enter into a memorandum of understanding and place the defendant on pretrial diversion. The State appealed pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.

## ANALYSIS

On appeal, the State argues that the trial court improperly reweighed the evidence in reaching the decision that the district attorney general had abused his discretion and ordering that the parties enter into a memorandum of understanding.

At the outset, although not raised by either party, we note that the Tennessee Rules of Appellate Procedure require this court to determine whether we have jurisdiction in every

-3-

case on appeal.  See Tenn. R. App. P. 13(b).  Here, as mentioned above, the State appealed pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.  However, Rule 3 is not the appropriate vehicle for appealing the trial court's grant of pretrial diversion.  Rule 3(c) states:

> In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court.  The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding.

Nothing in Rule 3(c) expressly provides for an appeal from an order of pretrial diversion.  As thoroughly addressed by a panel of this court in State v. Cody Matthew Headrick, No. E2008-02598-CCA-MR3-CD, 2009 WL 4505440 (Tenn. Crim. App. Dec. 4, 2009) (applying analysis from State v. Meeks, 262 S.W.3d 710 (Tenn. 2008) in context of pretrial diversion), perm. to appeal denied (Tenn. May 12, 2010), the grant of pretrial diversion does not automatically result in or guarantee the dismissal of the case.  See id. at *7; see also State v. Terry Rainey, No. W2008-02459-CCA-R3-CO, 2010 WL 2349192, at *7 (Tenn. Crim. App. June 9, 2010); cf. State v. Norris, 47 S.W.3d 457, 462 (Tenn. Crim. App. 2000) (concluding that Rule 3 is not the appropriate vehicle for appealing the merits of a case or a certified question after the grant of judicial diversion because "the guilty plea which results in an order of judicial diversion is not consummated into a judgment of conviction, unless the defendant breaches the conditions of his diversion/probation"); State v. Wiley Moore, Jr., No. M2008-01524-CCA-R3-CD, 2009 WL 2342905, at *3 (Tenn. Crim. App. July 30, 2009) (following Norris in concluding that there is no final judgment of conviction where a defendant is granted judicial diversion entitling an appeal pursuant to Rule 3).  Therefore, the State cannot appeal from the trial court's order under Rule 3(c).

Although review pursuant to Rule 3(c) is inappropriate, this court may treat an improperly filed Rule 3 appeal as a Rule 10 extraordinary appeal.  See State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998).  Rule 10(a) of the Tennessee Rules of Appellate Procedure provides that an appellate court may, in its discretion, grant an extraordinary appeal of interlocutory orders of a lower court "(1) if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or (2) if necessary for complete determination of the action on appeal as otherwise provided in these rules."  Tenn. R. App. P. 10(a).  Our supreme court has concluded that an

extraordinary appeal, whether pursuant to a common law writ of certiorari or to Rule 10 of the Tennessee Rules of Appellate Procedure, is appropriate:

a. Where the ruling of the court below represents a fundamental illegality.

b. Where the ruling constitutes a failure to proceed according to the essential requirements of the law.

c. Where the ruling is tantamount to the denial of either party of a day in court.

d. Where the action of the trial judge was without legal authority.

e. Where the action of the trial judge constituted a plain and palpable abuse of discretion.

f. Where either party has lost a right or interest that may never be recaptured.

State v. Willoughby, 594 S.W.2d 388, 392 (Tenn. 1980) (citing State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978)).

In making the determination of whether to review the trial court's actions under Rule 10, we must first examine the pretrial diversion procedure. Our legislature has provided that the decision to grant pretrial diversion rests within the discretion of the district attorney general. See Tenn. Code Ann. § 40-15-105 (2006); see also State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999) ("[W]hether to grant pretrial diversion to a qualified defendant who is statutorily eligible is a determination that lies in the discretion of the district attorney general."). While our legislature has defined a "qualified defendant" as one who meets the statutory requirements set out in Tennessee Code Annotated section 40-15-105(a)(1)(B)(i),[1]

_____

[1]According to this section, a "qualified defendant" must meet each of the following requirements:

(a) The defendant has not previously been granted pretrial diversion under the provisions of this chapter or judicial diversion under the provisions of § 40-35-313;

(b) The defendant does not have a prior misdemeanor conviction for which a sentence of confinement is served or a prior felony conviction within a five-year period after completing the sentence or probationary program for the prior conviction; and

(continued...)

the courts have provided additional guidance to prosecutors in determining which defendants, among those who pass the statutory requirements, are most suitable for pretrial diversion. See, e.g., Curry, 988 S.W.2d at 157 ("One who is statutorily eligible is not presumptively entitled to diversion."). The factors relevant to the prosecutor's determination focus on the defendant's "'amenability to correction.'" Id. (quoting State v. Pinkham, 955 S.W.2d 956, 959-60 (Tenn. 1997)).

If the district attorney general denies the application for pretrial diversion, "the factors upon which the denial is based must be clearly articulable and stated in the record." State v. McKim, 215 S.W.3d 781, 787 (Tenn. 2007) (internal quotation omitted). The denial must be written and must list the evidence considered and discuss which factors were considered and the weight accorded to each factor. Pinkham, 955 S.W.2d at 960. In the event an application for pretrial diversion is denied, a defendant may appeal to the trial court for a writ of certiorari to determine whether the district attorney general abused his or her discretion. Tenn. Code Ann. § 40-15-105(b)(3) (2006). In conducting its review, the trial court may only consider the evidence considered by the district attorney general. Curry, 988 S.W.2d at 157. In order to find an abuse of discretion, the trial court must conclude that the record lacks substantial evidence supporting the district attorney general's determination. Id. at 158. The trial court "must not re-weigh the evidence, but must consider whether the district attorney general has weighed and considered all of the relevant factors and whether there is substantial evidence in the record to support the district attorney general's reasons for denying diversion." State v. Yancey, 69 S.W.3d 553, 559 (Tenn. 2002). If granted review, on appeal, we must determine whether the trial court's finding is supported by a preponderance of the evidence. Curry, 988 S.W.2d at 158.

In the present case, we conclude that the requirements for granting an extraordinary appeal are not met. The trial court had legal authority to take action, and its ruling was not a fundamental illegality or a "plain and palpable abuse of discretion." An argument that the State "may otherwise lose a right or interest that may never be recaptured" does not stand because it failed to seek relief in the form of a Rule 9 appeal. See Cody Matthew Headrick, 2009 WL 4505440, at *10. The State might possibly argue that the court did not proceed according to the essential requirements of the law in light of its assertion that the trial court improperly reweighed the evidence and substituted its view for that of the district attorney

---

[1](...continued)

> (c) The offense for which the prosecution is being suspended is not a Class A or Class B felony or a Class C felony as defined in subsection (a)(1)(B)(iii), a sexual offense, driving under the influence of an intoxicant as prohibited by § 55-10-401, or vehicular assault as prohibited by § 39-13-106.

general. However, the record shows, among other things, that the district attorney general made a sweeping assumption regarding the defendant's amenability to correction that the defendant might engage in crimes of dishonesty again to mitigate the financial loss of her employment, but the record seems devoid of any evidence of such danger and in fact shows that the defendant had secured other employment. Thus, the trial court arguably proceeded according to the essential requirements of the law in that it recognized areas where the district attorney general's findings were not supported by substantial evidence. In sum, the record does not show "that the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review." Tenn. R. App. P. 10(a).

## CONCLUSION

Based on the foregoing authorities and reasoning, the appeal is dismissed.

_____
ALAN E. GLENN, JUDGE